The Constitution of this State (art. 6, § 12) continues in the Superior Court of the city of New York, and certain other courts, the powers and jurisdiction which they had at the time of the adoption of that article.
This provision, unquestionably, deprived the legislature of all power to take from those courts any of their then existing jurisdiction. But it is claimed that the act of 1874 does not operate to deprive them of any such jurisdiction, inasmuch as their order is necessary to effect a transfer of jurisdiction in any particular case, to the Marine Court.
It is apparent from the terms of the act, that when the order is made and entered the court in which the action is brought loses all jurisdiction over it, for the act provides that upon the entry of the order the Marine Court shall have immediate and exclusive jurisdiction of the action.
We are of opinion that, as the Constitution declares that the jurisdiction shall remain in the court, the court itself cannot relinquish or transfer that jurisdiction, and that any act authorizing it so to do, violates the constitutional provision. If this provision were intended solely for the protection of the court or its judges they might waive it; but we do not think it was so intended. It was, in our judgment, like the whole judicial system of the State, intended for the benefit of the people, and to secure to litigants a forum in which *Page 207 
they might have their controversies adjudged. The jurisdiction which the Constitution preserves in the courts named is inalienable, and carries with it the corresponding duty on the part of those courts to exercise it, when called upon in proper form, so to do. The constitutional provision protects the parties to an action, brought in either of those courts, in the right to require it to adjudicate the controversy between them. If the act of 1874 had required the consent of all the parties to the action as well as of the court, to the transfer of jurisdiction over it to another court, a different question would be presented. But this act purports to confer upon the court the power to transfer its jurisdiction over any action of its own motion, and without any reason, and even against the protest of all the parties. This, in my judgment, deprives litigants of a right to invoke the action of a tribunal provided for them by the Constitution and violates the spirit and intent of that instrument.
Whether this abandonment of a constitutional jurisdiction be effected by a general rule, rejecting it in all cases, or in a class of cases, or by declining to exercise it in each case as it arises, makes no difference. The result is the same under both conditions. If the statute had attempted to authorize the court, for instance, to make a general rule that it would not entertain any action on a written instrument, and had enacted that, after the adoption of such a rule, no action of that description should be brought in the court, it would require great boldness to assert that this was not a clear violation of the Constitution. But in what does this differ, in substance, from the act of 1874, which purports to enact that the court may transfer any action to the Marine Court, and that thereupon that court shall haveexclusive jurisdiction over it. The rights of litigants are affected in the same manner, and the court deprives itself of its jurisdiction as effectually in one case as in the other. The formality of bringing the action in the court and then having it transferred, is unimportant. If it amounts to any thing it presents a more glaring violation of the constitutional rights of the citizen *Page 208 
than the case supposed, for it bars his right to the exercise of the jurisdiction of the court, after he has expressly invoked it by bringing his action there.
There are other practical objections to the act which it is not necessary to discuss. Among others is the following: It applies to all courts of record, and includes the Supreme Court. A resident of the city of Buffalo may be sued in the Supreme Court, and the place of trial named may be the city of New York. As soon as the issue is joined the court may, under this act, transfer the cause, of its own motion, and without the consent of either party, into the Marine Court, which thereupon acquires
exclusive jurisdiction over it; and the resident of Buffalo may thus be compelled to come to the Marine Court to try his cause, the Supreme Court losing all jurisdiction in the matter. The absurdity of this result, and its inconsistency with the whole judicial system of the State, shows that the act in question must have received very little consideration at the hands of the legislature, and that no strained effort should be made to obviate the constitutional objections to which it is subject.
The order should be reversed.
CHURCH, Ch. J., GROVER and MILLER, JJ., concur.
ALLEN, FOLGER and ANDREWS, JJ., dissent, being for dismissal of appeal.
Order reversed.