JAMES ANDERSON, Respondent, *v.* HUGH REILLY, Appellant.

The legislature has authority to confer upon the Marine Court of the city of New York whatever civil or criminal jurisdiction it deems best, subject only to the restriction that its character as a local court shall be preserved. (Const., art. 6, § 19.)

It may confer jurisdiction in actions of assault and battery, without limit as to the amount of the claim or recovery.

The provision of the Marine Court act of 1872 (§ 3, sub. 12, chap. 629, Laws of 1872) providing that any court of record in the city and county of New York shall have power to send any action of assault and battery, etc., brought therein, to the Marine Court for trial, and giving the Marine Court jurisdiction of such action, as comprehensive as that of the court transferring it, although ineffectual to authorize a compulsory transfer, yet may have effect where the parties consent thereto, and the act may be read as if this condition were inserted.

*Alexander* v. *Bennett* (60 N. Y., 204) distinguished.

(Submitted April 18, 1876; decided May 23, 1876.)

APPEAL from order of the General Term of the Court of Common Pleas of the city and county of New York reversing an order of the General Term of the Marine Court which vacated and set aside a judgment in favor of the plaintiff herein, entered upon a verdict, and remitting the cause to said General Term of the Marine Court, to be heard upon the merits. The nature of the action and the facts appear sufficiently in the opinion.

The General Term of the Marine Court did not hear the case upon the merits, but made the order vacating and setting aside the judgment below, upon the ground that the Marine Court acquired no jurisdiction.

*H. P. Townsend* for the appellant. The Marine Court had no jurisdiction of the subject-matter of the action, and

none was obtained by the consent to its trial in that court. (*The Alicia,* 7 Wal., 57; *Major* v. *Cooper,* 6 id., 247.)

*Geo. H. Yeaman* for the respondent. The Marine Court acquired jurisdiction by statute, by consent and by voluntary appearance. (*De Hart* v. *Hatch,* 6 T. & C., 187; *Alexander* v. *Bennett,* id., 193; *Embury* v. *Conner,* 3 Comst., 508; *Baker* v. *Braman,* 6 Hill, 47.)

ANDREWS, J. This action was originally brought in the Supreme Court, in the city of New York, and, after issue joined, it was by an order of that court, made on the 10th day of May, 1873, upon the written consent of the parties, transferred to the Marine Court. The cause was tried in the Marine Court in September, 1874, and resulted in a verdict for the plaintiff. Both parties appeared on the trial, and no objection was taken, at any stage of the proceedings, prior to the entry of judgment, to the jurisdiction of the Marine Court. The action was for an assault and battery. The plaintiff, in his complaint, asked judgment for $5,000; he obtained a judgment for $1,000. The parties were residents of the city of New York, where the cause of action arose.

The order of the Supreme Court transferring the cause was made in pursuance of section 3, subdivision 12 of chapter 629 of the Laws of 1872, known as the Marine Court act. That section provides that any court of record in the city and county of New York "shall have power, by an order to be entered by its direction on its minutes, to send any action for libel, slander, assault, battery, etc., pending or that may hereafter be brought in said courts of record, after issue has been joined therein, to the said Marine Court for trial  *  *  * and, thereupon the said Marine Court of the city of New York shall have immediate and exclusive jurisdiction of such action, and the said jurisdiction of said court, as to the amount of the recovery, costs and additional allowance therein shall, for the purposes of such action, be the same, and as full and comprehensive as that of the court from whence the same proceeds.'

The cause was regularly remitted to the Marine Court under the act, and the trial and judgment had in conformity with it. The objection is now taken that the act, so far as it attempted to confer power on the other courts of record in the city of New York, to transfer causes pending therein to the Marine Court, is unconstitutional, and the case of *Alexander* v. *Bennett* (60 N. Y., 204), is relied upon in support of this proposition. The action in that case was commenced in the Superior Court of the city of New York. After issue was joined, the Superior Court, upon the motion of the plaintiff, which was opposed by the defendant, made an order sending the cause to the Marine Court. The removal in that case was made under the Marine Court act of 1874, which enlarged the provisions contained in the act of 1872, by striking out the specification of particular actions and authorizing the transfer to be made in all actions pending in the other courts of record in the city. This court, in that case, held that the provision of the Constitution (art. 6, § 12) continuing in the Superior Court of the city of New York, and certain other courts, the powers and jurisdiction which they had at the time of the adoption of the article, deprived the legislature of all power to take from the courts mentioned their then existing jurisdiction, and that the court could not refuse to exercise the jurisdiction which it then had whenever its exercise was invoked by litigants, or transfer it to another court against their consent. The act of 1874 was, therefore, held to be in violation of the Constitution, in so far as it undertook to invest the court with the power compulsorily, and against the will of the parties, to transfer to the Marine Court actions of which it had jurisdiction when the Constitution was adopted.

The question here presented is quite different; the parties consented to the transfer of the cause, and appeared and litigated the action upon the merits in the Marine Court. The Marine Court is a local court established by the legislature. It was competent for the legislature to confer upon it whatever civil or criminal jurisdiction it might deem best, subject only to the restriction that its character, as a local court,

should be preserved. (Const., art. 6, § 19.) The act of 1872 conferred jurisdiction upon the Marine Court in actions of assault and battery, where the damages claimed did not exceed $1,000; and, by the provision in question this jurisdiction was unlimited as to amount, in actions transferred from the other courts. The consent, therefore, of the parties is only material upon the question whether it justified the Supreme Court in making an order transferring the cause. If it did, then the statute, and not the appearance or consent of the parties, gave the Marine Court jurisdiction to try the action.

We are of opinion that the consent of the parties to the removal of the cause allowed the statute of 1872 to operate. The conferring of jurisdiction, in actions of assault and battery, upon the Marine Court, is not contrary to the letter or spirit of the Constitution. The legislature has conferred upon that court jurisdiction of such actions which is constantly exercised; limited, it is true, but this is a matter solely for legislative discretion. It could as well — so far as the question of power is concerned — have conferred the jurisdiction, without limit, as to the claim or amount of recovery. To give effect, therefore, to the consent of the parties, so as to allow the action to be tried in the Marine Court, is not contrary to the general policy of the law, and we do not perceive that it would violate any constitutional provision. The Constitution declares that there shall be the existing Supreme Court, with general jurisdiction in law and equity. (Const., art. 6, § 6.) The court is not deprived of its jurisdiction when, by its own order, it transfers a cause pending in it to another court, and the rights of litigants in that court are not abridged or impaired when they consent that another court shall try the cause. Parties may surrender or waive constitutional provisions designed for their benefit when civil rights, or rights of property, are involved. (*Baker* v. *Braman*, 6 Hill, 47; *Embury* v. *Conner*, 3 Comst., 511.) And we are of opinion that the act of 1872 may have effect upon the parties consenting to the order of the court transferring

their causes to the Marine Court, and that the act may be read as if this condition was inserted.

The order appealed from should be affirmed.

All concur. Folger, J., absent.

Order affirmed.