THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES LOWENBEIN v. CHARLES DONOHUE, a Justice of the Supreme Court.

*Marine Court — A court of record — a justice thereof, may issue a warrant under "Stilwell Act."*

The Marine Court of the city of New York is a Court of Record, and a justice thereof has power to issue a warrant for the arrest and commitment of a party in proceedings under the act of 1831 to abolish imprisonment for debt.

The Supreme Court may, in its discretion, allow a writ of *certiorari*, even in cases where there is a remedy by appeal.

Certiorari to review the discharge of Marks H. Julien upon the return to a writ of *habeas corpus*.

*Adolph Czaki*, attorney for the relator.

*S. M. Ehrbach*, attorney for the respondent. Where a review may be had by appeal a writ of *certiorari* will not lie. (*Sara. & Wash. R. R. Co.* v. *McCoy*, 5 How. Pr., 378; *In re Mt. Morris Square*, 2 Hill, 27; *Ex parte Mayor, etc., of Albany*, 23 Wend., 283, 284.) But the appeal is also fatally defective. No appeal can be taken from an order made by a judge out of court till the order has been entered in the office of the clerk. (Section 1304 of Code of Civil Procedure.) The Marine Court has no jurisdiction to entertain proceedings under the "Stilwell Act." The Marine Court, at the time of the passage of the act, was a Court

of Record, so called — that is, a court having a clerk and seal; but as between parties it was not a court of record. (*Talcott* v. *Rosenberg*, 8 Abb. [N. S.], 287; *Lester* v. *Redmond*, 6 Hill, 390.) It is a court of limited jurisdiction, and can exercise only powers expressly conferred upon it. (*Huff* v. *Knapp*, 5 N. Y., 69.) Its jurisdiction must be shown affirmatively. (*Ford* v. *Babcock*, 1 Den., 158.) The question is to be determined by the jurisdiction of the Marine Court as it existed at the time of the enactment of the statute. Penal statutes must be construed strictly. (*Van Volkenburgh* v. *Torry*, 7 Cow., 252.) They cannot be enlarged by construction. (*Strong* v. *Stebbins*, 5 Cow., 212; *Bridgewater, etc., Co.* v. *Robbins*, 22 Barb., 667.) And this being a statute authorizing imprisonment for debt is regarded as a penal statute. (*Hathaway* v. *Johnson*, 55 N. Y., 95.)

POTTER, J.:

A *certiorari* to the respondent to review his decision discharging Marks H. Julien upon a writ of *habeas corpus* from imprisonment under a commitment, made by one of the justices of the Marine Court pursuant to the provisions of the act to abolish imprisonment for debt.

The relator, doubting whether a *certiorari* was the appropriate remedy, also brought an appeal under section 1356, Code of Civil Procedure. The respondent objected that the writ of *certiorari* was improper, because there was a remedy by appeal, and that the appeal was premature and unauthorized, because the order appealed from had not been entered with the clerk of this court. The allowance of the writ of *ce. tiorari* was discretionary; and, while the general rule is as claimed by the people's counsel, that the writ will not, in the exercise of judicial discretion, ordinarily be granted where there is a remedy by appeal, yet its allowance is not absolutely inhibited in such a case.

In regard to the objection that the appeal was taken before the entry of the order appealed from, it is sufficient to say there is no proof before the court that the order was not, in fact, entered. The question involved is one of considerable practical importance, and it is, therefore, desirable that a decision of it be had without delay on account of technical objections. The question is, whether

a justice of the Marine Court has power to issue a warrant for the arrest and commitment of a party in virtue of proceedings under the act to abolish imprisonment for debt, etc., passed April 26, 1831 (chap. 300), and the acts amendatory of the same.

By section third of the non-imprisonment act, the plaintiff may, in any action, or upon any judgment obtained in a court of record, apply to any judge of that court for a warrant to arrest the defendant for the causes specified in section four of that act. Is the Marine Court of the city of New York a court of record? We find, by reference to the statute (2 R. L., 382, § 107), that such court is declared to be a court of record. It is to be presumed that the Legislature intended to convey the same meaning in the use of the expression " court of record " in the statute of 1831 as in the statute of 1813. But, if we trace the history of the various statutes in relation to the Marine Court, or consider the jurisdiction it has at all times exercised in common-law actions, from its organization to the present time, with its appointments, officers, and its various proceedings, it will impress every legal mind that it is a court of record. It has and has had a clerk and a seal. It possessed the power to naturalize citizens until jurisdiction over that subject was taken from it by an act of the Legislature, passed as far back as 1852. It has jurisdiction to entertain supplemental proceedings upon its own judgments in the same manner as courts of record. (*In the Matter of Lippman*, 48 How. Pr., 359.)

By an act passed April 14, 1865 (chap. 615, p. 1286), the Legislature provided for references, voluntary and involuntary, of actions pending in that court, and prescribed the mode of reviewing and entering judgments upon the report of the referee, and, in brief, conferred upon this court all the powers possessed by any common-law court of record, in relation to references, costs and extra allowances. It has appellate jurisdiction to review a judgment rendered by one of its justices.

The Legislature, in 1874, chapter 545, authorized the judges of any court of record in New York city to send any action pending therein to the Marine Court. It is true that act, by a divided court, was held unconstitutional, not because the Marine Court had not jurisdiction, but because no court can divest itself

of the duty of entertaining cases that parties chose to bring in that court. (*Alexander* v. *Bennett*, 60 N. Y., 204.) In 1872 the Legislature passed an act, chapter 629, declaring it to be a court of record, and using this significant language, to-wit: "to and for all intents and purposes," greatly increasing its jurisdiction, and providing that the forms of process, and proceedings prescribed by the Code of Procedure in respect to the other courts of record should apply to this court.

In 1875 the Legislature, by chapter 479 of the laws of that year, clearly recognized this court as having jurisdiction under the act of 1831, the non-imprisonment act. It provided, in section 2, that no person shall be arrested in said Marine Court, except as prescribed by this act, *but this provision shall not affect the act to abolish imprisonment for debt and to punish fraudulent debtors*, passed April 26, 1831, or any act amending the same. Its jurisdiction under the act of 1831 is again and expressly recognized by the act itself.

We next notice the declaration in the Code of Civil Procedure. Section two declares that the Marine Court of the city of New York is a court of record. This act professes to be a revising and not a creative act. From these and similar enactments, not deemed necessary to be specified, we are brought to the conclusion that the Marine Court had jurisdiction of the respondent in the proceedings under the non-imprisonment act, and the order granting his discharge should be vacated, and the respondent be subjected to the warrant of committment and the further prosecution of the proceedings.

As the question involved is one of doubt, and seems to have been disposed of by the court below with the view of having the same presented and decided by the General Term, and perhaps by the court of last resort, and as the costs are in the discretion of the court, we think no costs should be awarded.

Ingalls, P. J., concurred.

Order reversed, without costs.