THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES C. EGAN, Respondent, *v.* THE JUSTICES OF THE MARINE COURT OF THE CITY OF NEW YORK, Appellants.

*Marine Court of the city of New York — cannot revive an action and continue it against an executor — Section 316 of the Code of Civil Procedure.*

When during the pendency of an action in the Marine Court of the city of New York, the defendant dies, that court cannot direct the action to be revived and continued against his executors, as section 316 of the Code of Civil Procedure expressly provides that it shall not have jurisdiction of an action against an executor or administrator, in his representative capacity.

Appeal from an order of the Special Term, directing a writ of prohibition to be continued.

In November, 1874, an action was commenced in the Marine Court of the city of New York, against Mrs. S. A. C. Hasard.

The case was twice tried. After the argument of the last appeal, but before the decision ordering a third trial was announced, Mrs. Hasard died. Subsequently an order was made substituting Charles C. Egan her executor, as defendant.

A writ of prohibition was then procured, restraining further proceedings in the Marine Court, on the ground that it had no jurisdiction of an action against an executor.

334     PEOPLE ex rel. EGAN v. MARINE COURT.

First Department, July Term, 1879.

*Eli Long, James Clark* and *Edward Jacobs*, for the appellants.

*John Berry*, for the respondent.

INGALLS, J. :

Pending the action the defendant, Mrs. S. A. C. Hasard, died, and a motion was made in the Marine Court to revive and continue the action in the name of the said Charles C. Egan, as her executor, which was granted. An application was made to the Special Term of the Supreme Court for a writ of prohibition, to prevent the Marine Court from proceeding in the action against the said Charles C. Egan, as such executor, upon the ground that such court does not possess jurisdiction of an action against an executor or administrator. The court directed that an alternative writ issue, and pronounced the following opinion :

" Donohue, J. If the Marine Court is not competent to take jurisdiction against an executor by original process, I see no reason that should give them that jurisdiction by death. The case now stands untried, and no rights lost by holding the court to the words of the statute. Motion granted.

" Alternative prohibition to issue."

Upon the return day mentioned in the order, the motion was heard at Special Term, to continue the order, by making the same absolute, and the motion was granted, and the following opinion was delivered :

" Lawrence, J. In this case, after a full examination of the statutes and the various sections of the Code cited by the respective counsel, I deem it sufficient to say, that as the 316th section of the Code of Civil Procedure expressly provides that the Marine Court shall not have jurisdiction of an action against an executor or administrator in his representative capacity, and as such a positive provision should not be deemed repealed by implication, or because of apparent inconsistencies between that provision and other sections of the Code, the writ of prohibition heretofore issued should be made absolute, with costs."

We are satisfied that the orders of the Special Term were properly granted. The Marine Court possesses only such jurisdiction as is conferred by statute. (*Anderson* v. *Reilly*, 66 N. Y., 189;

*Landers* v. *The S. I. R. R. Co.*, 53 id., 451; *Hoag* v. *Lamont*, 60 id., 98.)

The Code of Civil Procedure, in prescribing the jurisdiction of the Marine Court, provides, in section 316, as follows : " The court has not jurisdiction of an action against an executor or administrator in his representative capacity." This is a positive declaration by the Legislature, restricting the jurisdiction of such court, and is so clear and unequivocal as to exclude any implication by which the jurisdiction of such court can be extended over that class of actions. We are to presume that the Legislature intended that which the language employed, in framing the statute, fairly imports. The seeming hardship of a particular case will not justify an enlargement of jurisdiction, by a construction which is plainly contrary to the letter and spirit of the statute which confers the jurisdiction. When the action was revived by the substitution of the executor as defendant, it became, to all intents and purposes, an action against Egan in his capacity as executor, as much so as if it had been commenced against him in the first instance in that capacity. It seems to us that no amount of ingenious theorizing can have the effect to repeal the statute referred to. The provisions of the Code, to the effect that no action shall abate by the death of a party when the cause of action survives, cannot be reasonably construed to have the effect to confer a jurisdiction which is expressly denied by statute. To give to such provision of the Code, the effect contended for by the appellant's counsel, would be substantially to hold that, by the death of a party, and the revival of the action in the name of the executor, the court would acquire a jurisdiction which is expressly prohibited by such statute. The obvious intention in framing the provision of the Code referred to, in regard to the continuance of actions, was to provide that an action should not abate by the death of a party, when the cause of action survived, provided the court in which the action was commenced had jurisdiction to continue the same. Such construction harmonizes the statutes and prevents confusion. When a party voluntarily institutes an action in a court of limited jurisdiction, he should not complain if the road which he has chosen terminates before he reaches the end of his journey. We are satisfied that the decision of the Special

Term was correct, and should be affirmed, without costs of this appeal, as the question is new.

I concur, but with much hesitation. BRADY, J.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Order affirmed, without costs.