By the Court. Barnard, P. J.
The village of North Tarrytown is incorporated under the general act *494 to incorporate villages {Laws 1870, p. 674, c. 291). Mary E. Clark is a resident and landowner there.
The village authorities are chargeable with the care of public highways therein.* In grading Washington and Chestnut streets, the trustees cut- down and carried away the face of the highway in front of the premises of Mrs. Clark, so that steps were needed to go to her house and barn, and a sustaining wall was required to sustain the land deprived of the lateral support by the grading of the street. She applied to the supreme court for the appointment of commissioners to assess her damages occasioned thereby, under chap. 113,† Laws of 1883, p. 100. The commissioners awarded her damages to the amount of $550.
There is no objection which can be taken against the award in its present condition. The trustees graded the streets as public streets. They were found to be used as such. Mrs. Clark was required to give no further proof in respect to the character of the streets. Mo objection was taken to the appointment of the commissioners.
*495 The writ of certiorari in this case is both premature and improper. By chapter 113 of the Laws of 1883, it is provided that “ all the provisions of the general railroad act relative to the appointment of commissioners, their powers and duties, shall be applicable to the appointment of, and the powers and duties of commissioners appointed in pursuance of the provisions hereof.” The commissioners in railroad assessments make a report to the supreme court. This report must be confirmed before it has any validity whatever {L. 1850, c. 140, § 17-18.) The railroad act gives the commissioners no power to make a final award. After confirmation, the railroad act provides for an appeal to the supreme court, and for a second appraisal in a fitting case. We think these sections apply to the act of 1883. The report of the commissioners has not been confirmed, and, therefore, the final order has not been made. A writ of certiorari is always addressed to the final order or judgment.
The writ will not be proper even after confirmation. A writ of certiorari cannot now be issued to review a determination in a special proceeding or in a civil action when the determination can be adequately reviewed by an appeal to a court, or to some other body or officer (Code Civ. Pro. §§ 2120, 2121, 2122). The appeal under the general railroad act is provided for. That mode of review must be taken.
The writ of certiorari should be quashed without costs to either party as against the other.
Pratt, J., concurred. Dykmait, J., not sitting.

 See L. 1870, p. 684, subd. So of § 3 of tit. III.

The act of 1883 (A. 1883, p. 100, c. 113), is as follows. § 1. Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered, so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate may apply to the supreme court in the judicial district in which such property is situated for the appointment of three commissioners to ascertain and determine the amount of damage sustained thereby; due notice of such application shall be given to the person or persons having competent authority to make such change or alteration. § 3. (Quoted in full in the opinion.) §3. All damages ascertained and determined under’the provisions of this act, together with the costs of such proceedings, shall be a charge upon the village, town or other municipality chargeable with the maintenance of the street, highway or bridge so altered or changed.