# Cases

# FIFTH DEPARTMENT

## GENERAL TERM

### October, 1888.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
FRANCIS A. HILL, AS SUPERVISOR OF THE TOWN OF
ONTARIO, IN THE COUNTY OF WAYNE, v. THE BOARD OF
SUPERVISORS OF THE COUNTY OF WAYNE.

Certiorari — *the equalization by the board of supervisors of assessors' valuations among the several towns cannot be reviewed by* certiorari—*Code of Civil Procedure, sec. 2122— the remedy is by an appeal to the State assessors — the board of supervisors can do nothing with the assessed valuations of personal property — an illegal method of equalizing the valuations is not justified by the fact that the board has used it for several years — a town is not estopped by the act of its supervisor in so doing.*

Upon the petition of the relator, as supervisor of the town of Ontario, alleging that the defendant, the Board of Supervisors of the County of Wayne, had adopted an erroneous method in equalizing the assessments made by the assessors of the several towns of the county, and that the result was prejudicial to his town, a writ of *certiorari* was issued to review the proceedings of the board.

*Held,* that the writ should be quashed as the relator might have appealed from the equalization, in behalf of his town, to the State assessors, and upon such appeal have obtained a decision whether or not injustice had been done to the town, and if there had been, have had the requisite correction made.

That the provision of section 2122 of the Code of Civil Procedure, declaring that, except as otherwise expressly prescribed by statute, a writ of *certiorari* cannot be issued "where the determination can be adequately reviewed by an appeal to a court, or to some other body or officer," did not violate the provision of the Constitution (art. 6, § 6) that "there shall be the existing Supreme Court with general jurisdiction in law and equity," nor deprive the relator of any right which he

had to prosecute his remedy by " the law of the land," but simply denied to him the right to demand the exercise of the discretion of the court in issuing a writ of certiorari on his application when he had an adequate remedy by appeal.

It appeared that the equalization sought to be reviewed was produced by the adoption and use of a table of decimals, one for each town, which represented the percentage of the aggregate assessed valuations with which the towns, respectively, were charged in the equalization as made, and that, in their application and use by the defendant of those factors, the assessed valuations of the personal as well as of the real estate were included, by which means the valuations, in the respective towns, of the personal property, as they appeared in the assessment-rolls, were modified, and for some of the towns increased and for others diminished, but the aggregate valuations of the real and personal estate of all the towns remained the same as that of the assessed valuations.

Held, that this method was clearly irregular and erroneous for the reason that the board of supervisors, in making the equalization, lawfully had nothing to do with the assessed valuations of personal property other than to continue them as made by the assessors of the respective towns.

That while the equalization rests wholly in the judgment of the board of supervisors, and the results must depend upon the action of a majority, when all the members do not concur, the error in the manner of doing it is not simply one of judgment, where the proceeding is in evident violation of the statute, as was that under consideration; nor was it justified by the recognized use of that method in the county of Wayne for several years preceding that in question; nor is the principle of estoppel applicable to the action in that respect of any supervisor as the representative of his town.

Certiorari to review the proceedings of the board of supervisors of the county of Wayne in equalizing the assessments made by the assessors of the several towns of the county.

J. W. Dunwell, for the relator.

C. H. Roys, for the defendant.

Bradley, J.:

The charge made by the relator is that the defendant adopted an erroneous method in making the equalization, and that the result was prejudicial to his town. The statute imposing this duty on the board of supervisors of each county provides the manner of its performance to attain the object to be accomplished. They are required to examine the assessment-rolls of the several towns in the county for the purpose of ascertaining whether the valuations in one town bear a just relation to the valuations in all other towns in the county; they may increase or diminish the aggregate valua-

tions of real estate in any town by adding or deducting such sum, on the hundred, as may, in their opinion, be necessary to produce a just relation between all the valuations of real estates in the whole county, but they shall in no instance reduce the aggregate valuations of all the towns below the aggregate valuation thereof as made by the assessors. (1 R. S., 395, § 31.)

In the petition upon which the writ issued it is alleged, and not questioned by the return, that the result was produced by the adoption and use of a table of decimals, one for each town, which represented the percentage of the aggregate assessed valuations with which the towns, respectively, were charged in the equalization as made. And in their application and use by the defendant of these factors, the assessed valuations of the personal as well as the real estate were included, by which means the valuations in the respective towns of the personal property, as they appeared in the assessment-rolls, were modified, and for some of the towns increased and for others diminished, but the aggregate valuations of the real and personal estate, and both, of all the towns remained the same as that of the assessed valuations. This method was clearly irregular and erroneous for the reason, if for no other, that the board of supervisors, in making the equalization, lawfully had nothing to do with the assessed valuations of personal property other than to continue them as made by the assessors of the respective towns. (Id.; *People ex rel. Supervisors* v. *Hadley,* 76 N. Y., 337.) The return made to the writ contains the statement, in effect, that the defendant examined and inspected the assessment-rolls of the several towns, and made a correct and just equalization of the values of the property in the towns; that the valuation finally determined by the board for the real estate in the town of Ontario bears a just relation between the valuations of all the real estate in the county; " that the equalization made by said board, as aforesaid, was, and is in fact, effect and result, the same, substantially, that would have been accomplished and produced if the said board had employed exclusively the method of equalization indicated by the Revised Statutes as a proper method; that the apparent irregularity of including personal property in the method of equalization employed was corrected by allowances in the valuations of real estate, counter-balancing the effect of such alleged irregularities;" and that in making the equalization the

board included and made the addition and deduction of such sum upon the hundred as was necessary to produce a just relation between all the valuations of real estate in the county. No data or information is furnished by the return of the process by which the decimal multiplier was obtained, or in support of the alleged conclusion that the result produced by the equalization, as made, was the legitimate one and such as the statute required. The return, therefore, fails in that respect to furnish the means for the court to determine that no prejudice resulted to the relator's town by the erroneous method adopted and employed by the board in the equalization so made. If the board proceeded intelligently upon any theory, practical or demonstrable, to reach the required result through the peculiar means employed for the purpose, it might, it would seem, have been represented by the return. This particularity in the return was required by the writ. Formerly the review upon *certiorari* was dependent, for the facts entitled to consideration, exclusively upon the return ; and the relator's only remedy for an insufficient return was by proceeding to require a further or more specific one, and by action for a false return. (*People ex rel. Becker* v. *Burton*, 65 N. Y., 452 ; *People ex rel. Sims* v. *Fire Commissioners*, 73 id., 437 ; *People ex rel. Thompson* v. *Mayor, etc.*, 6 Hun, 652.) These remedies still remain, but the rule applicable to the hearing is now modified by the statute, which provides that it "must be heard upon the writ and return and the papers upon which the writ was granted" (Code Civil Pro., § 2138), so as to permit the facts stated in the writ or in the papers on which it was granted, as to which the return is silent, to be considered and have effect upon the hearing. (*People ex rel. Peck* v. *Commissioners, etc.*, 106 N. Y., 64.) The court is, therefore, enabled to refer to a schedule annexed to the petition upon which the writ issued, and verified by it, which represents the valuations as assessed and equalized, of the property real and personal, of the several towns of the county, and the decimals used as to the towns, respectively, to produce, in the manner before mentioned, the equalization as made. This schedule, termed "Equalization Table," shows, apparently, errors in the results produced, because it appears that by the application made of the decimal process alike to the assessed valuation of the personal and real estate, the former was affected and

changed accordingly for the purposes of equalization, and in some of the towns very considerably. In the town of Ontario the increase of the amount of the assessed valuation of the personal estate was upwards of $26,000. This may not be deemed comparatively large, but it must be treated as an error prejudicial to the town, resulting from the irregular and apparently unauthorized method of the proceeding of the board. While the equalization rests wholly in the judgment of the board of supervisors, and the results must depend upon the action of a majority when all the members do not concur, the error in the manner of doing it is not simply one of judgment when the proceeding is in evident violation of the statute, as was that under consideration; nor was it justified by the recognized use of the method in the county of Wayne for several years preceding that in question; nor is the principle of estoppel applicable to the action, in that respect, of any supervisor as the representative of his town. His duty is of a public nature, and he is authorized to take no proceeding in behalf of his town not authorized by the statute, with reference to which, and for its observance in the discharge of his duty, he is given his official character by the people of the town which he represents in the board. The conclusion seems to be required that the town of Ontario may have been prejudiced by the equalization as made by reason of the erroneous manner in which it was accomplished. In respect to the assessment of the year in question, the functions of the board of supervisors have terminated. The tax based upon it has been collected. There is, therefore, no opportunity for the board to review or reconsider their action upon that equalization. Nor can the court make any correction or grant any relief to the relator's town by way of correcting the error or injury complained of; and any determination which the court could now make on this review would seem to have no practical effect. But the question of the right to review such proceeding upon this writ is raised by the defendant's counsel. The statute provides that the writ of *certiorari* can be issued in one of the following cases only: 1. Where the right to it is expressly conferred, or its issue is expressly authorized by statute. 2. Where it may be issued at common law by a court of general jurisdiction, and the right to the writ or the power of the court to issue it is not expressly taken away by statute.

(Code Civil Pro., § 2120.)   And that, except as otherwise expressly prescribed by a statute, a writ of *certiorari* cannot be issued "where the determination can be adequately reviewed by an appeal to a court or to some other body or officer."   (Id., § 2122.)

The supervisor of the town of Ontario might have appealed in behalf of his town to the State assessors, from any act or decision of the board of supervisors in the equalization of the assessment, and upon such appeal have had it determined whether or not injustice had been done to the town in the equalization, and if there had been, to have had the requisite correction made.  (Laws of 1859, chap. 312, § 13; Laws of 1874, chap. 351; Laws of 1876, chap. 49.)  In the review afforded by such appeal ample means are provided, and plenary power given by the statute, to correct any errors committed by the board to the prejudice of the town appealing, and to make such correction effectual by awarding the requisite relief.   This system of review seems, therefore, to be complete in its scope and purpose.   And for the purposes of relief from the injury suffered by the town by the equalization as made, the determination could adequately be reviewed on appeal to the State assessors.   Considered in that view, without reference to the erroneous method of the proceeding of the board, the case is within the provisions of the statute denying the right to a writ of *certiorari*.  (*People ex rel. Benedict* v. *Dennison,* 28 Hun, 328; *People ex rel. North Tarrytown* v. *Cobb,* 14 Abb. N. C., 493; *People ex rel. Wright* v. *Chapin,* 104 N. Y., 369.)  It is, however, urged on the part of the relator that the statute does not have the effect to deny to him the right of review by *certiorari,* because, first, the provision of the Constitution that "there shall be the existing Supreme Court with general jurisdiction in law and equity" (art. 6, § 6), is in the way of such legislative inhibition; and, second, that the remedy by appeal to the State assessors is not adequate in this case.   It is true that, in view of such constitutional provision, the legislature has not the power to limit the jurisdiction of this court, or to qualify its character as a court of general jurisdiction.  (*De Hart* v. *Hatch,* 3 Hun, 375; *People ex rel. Mayor* v. *Nichols,* 79 N. Y., 582.)  This statutory provision, confining a party to the remedy by appeal when it adequately exists, is in accordance with the common-law rule or

practice usually applied in such case. (*People ex rel. Woodward* v. *Covert,* 1 Hill, 674; *In re Mt. Morris Square,* 2 id. 14; *Wood* v. *Randall,* 5 id. 264.) In its relation to a party the statute deprived him of no right which he had, entitling him to prosecute a remedy by "the law of the land." It was simply a denial to him of the right to seek the discretion of the court for such writ when he had an adequate remedy by appeal. The remedy by *certiorari* was not taken by a party as matter of right. The use of the writ, as a means of prosecution, was dependent upon the discretion of the court. (*People ex rel. Vanderbilt* v. *Stilwell,* 19 N. Y., 531; *People ex rel. Davis* v. *Hill,* 53 id. 547; *People ex rel. Haneman* v. *Tax Commissioners,* 85 id., 655.) We think there is nothing in the way of the observance by the court of that statute. In respect to the question whether the determination can be adequately reviewed by an appeal, it may be that it could not if the purpose represented by the writ was to set aside the equalization by reason of the erroneous method and process which the board employed to produce the result reached by it, as in that case the review may have been treated as taken with a view to a proceeding anew by the board in the performance of that duty in the manner required by the statute. For that purpose merely, the facts might be sufficiently made to appear by the writ, the papers upon which it was granted and the return. But the purpose expressed in the writ, and in effect, in the prayer of the petition, was that the review of the determination be had on the merits, and that correction be made accordingly. Such relief is not within the power of the court on review by *certiorari,* but is the subject of review on appeal to the State assessors.

These views lead to the conclusion that the writ of *certiorari* should be quashed.

HAIGHT and DWIGHT, JJ., concurred.

Writ of *certiorari* quashed, without costs to either party.