# THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* WILLIAM H. COUGHTRY, RESPONDENT.

*Change of venue — not prohibited in an action for penalties under the game law, chapter 577 of 1888.*

The provisions of section 3 of chapter 577 of the Laws of 1888, relating to suits for the recovery of penalties for violations of the game law, to the effect that "such suits shall be commenced on the order of any game and fish protector, in the name of the people, by any district attorney, where the offense shall be alleged to have been committed, or by the district attorney of the adjoining county, and such suits shall be prosecuted to determination in the county where they shall be commenced, unless for a good cause appearing a discontinuance shall be directed by the chief game and fish protector," do not prevent the Supreme Court from changing the venue in actions where the convenience of witnesses or the ends of justice demand it.

APPEAL by the plaintiff, the People of the State of New York, from an order made at a Special Term of the Supreme Court held in Albany county on the 26th day of August, 1890, and entered in the office of the clerk of the county of Columbia on the 2d day of September, 1890, changing the place of trial in the above-entitled action from the county of Columbia to the county of Albany.

The order was made upon a motion to change the place of trial for the convenience of witnesses and for the promotion of justice.

*A. B. Gardenier*, for the appellant.

*F. M. Danaher*, for the respondent.

LANDON, J.:

The action is for the recovery of penalties for alleged violations by the defendant of the game laws. The violations are alleged to have been committed in the county of Albany. The action was brought by the district attorney of Columbia county, and the place of trial laid in that county. The appellant's sole contention is that, under the statute, the court had no power to change the place of trial. Section 3 of chapter 577, Laws of 1888, provides that "such suits shall be commenced on the order of any game or fish protector, in the name of the People, by any district attorney where the offense shall be alleged to have been committed, or by the district attorney of an adjoining county; and such suits shall be prosecuted to determination in the county where they shall be commenced, unless for good cause appearing a discontinuance shall be directed by the chief game and fish protector."

Unquestionably, the intent of the legislature was to authorize, in proper cases, these actions to be brought in a county adjoining that in which the violation of the law occurred, but we do not think the legislature, by the provision, "and such suits shall be prosecuted to determination in the county where they shall be commenced," intended to deprive the Supreme Court of the power to change the place of trial from the adjoining county to the county where the alleged offense occurred. The jurisdiction to change the venue in actions where the convenience of witnesses or the ends of justice demand it, is ancient and useful. The learned counsel for the respondent points out in his instructive brief its antiquity, and the bench and bar would probably unite in attesting its usefulness. The Constitution (art. 6, § 6) confers upon the Supreme Court "general jurisdiction in law and equity." The eighth section of the same article provides that "except as herein otherwise provided, the legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and equity that they have heretofore exercised." The power "to alter and regulate" implies that the old jurisdiction shall in some degree continue in an altered or regulated form. Many cases affirm the inability of the legislature to abridge the general jurisdiction of the court. (*De Hart* v. *Hatch*, 3 Hun, 375, 380; *People ex rel. Hill* v. *Supervisors*, 49 id., 481; *Brooklyn* v. *New York*, 25 id., 612; *People ex rel. Mayor*

v. *Nichols*, 79 N. Y., 590; *Alexander* v. *Bennett*, 60 id., 206; *Popfinger* v. *Yutte*, 102 id., 42; *Hutkoff* v. *Demorest*, 103 id., 380.) Ordinarily an action to recover a penalty must be tried in the county where the cause of action arose. (Code Civ. Pro., § 983.) Where the legislature authorizes such actions to be brought in another county, the propriety of the jurisdiction of the court to change the place of trial to the county where the cause of action arose, if justice requires it, would seem to be clear. A legislative attempt to deprive the court of it would be an attempt to replace judicial functions with legislative mandates.

We need pursue the subject no further than to say that we decline to impute to the legislature an intention, by the use of the language here employed, to deprive the court of its accustomed jurisdiction. The real intent of the act is manifest when the whole provision is read: " Such suits shall be prosecuted to determination in the county where they shall be commenced, unless for good cause appearing a discontinuance shall be directed by the chief game and fish protector." The main intent is to prevent a discontinuance except under the direction of the chief game and fish protector. If there had been an intention to abridge the jurisdiction of the court, we think it would not have been disguised under an enlargement of the powers of this officer.

Order affirmed, with ten dollars costs and disbursements.

MAYHAM, J., concurred; LEARNED, P. J., taking no part.

Order affirmed, with ten dollars costs and disbursements.