ALMON H. MUSSEN, Appellant, v. THE AUSABLE GRANITE WORKS, Respondent, Impleaded with Others, Defendants.

63  367
66  237
63h 367
f 54a d531

*Jurisdiction of the Supreme Court cannot be limited — section* 1103 *of chapter* 410 *of* 1882, *giving the courts of the first district exclusive jurisdiction, is unconstitutional.*

The Constitution of the State of New York (art. 6, § 6) provides that "there shall be the existing Supreme Court, with general jurisdiction in law and equity;" and, by section 1103 of chapter 410 of the Laws of 1882, it is provided that "the Supreme Court in the first judicial district, the Court of Common Pleas and the Superior Court shall have exclusive jurisdiction of all actions or special proceedings wherein the mayor, aldermen and commonalty thereof (New York city) are made a party defendant."

An action was brought in the fourth judicial district to enforce a lien, given by chapter 315 of the Laws of 1878, upon funds in the treasury of the city of New York, alleged to belong to the Ausable Granite Works, to which the city of New York was made a party defendant.

The Ausable Granite Works demurred upon the ground that the Supreme and other courts of the first district had exclusive jurisdiction of the action.

*Held,* that the jurisdiction of the Supreme Court was as wide as the boundaries of the State, and that each part of it had all the powers of the court.

That the legislature had no power to qualify the jurisdiction of the court, and that the section of the act, attempting to do so by limiting the territory within which a suitor might go into court, was unconstitutional.

That the word "jurisdiction," as used in the Constitution, meant jurisdiction of every kind, the person, subject-matter and territory.

That, among the powers always possessed by the court was the power, in a proper case, to change the place of trial.

That the section in question prevented this, and was, in that respect, in derogation of the power granted, and confirmed to the court by the Constitution of the State.

APPEAL by the plaintiff Almon H. Mussen from a judgment of the Supreme Court, entered in the office of the clerk of the county of Essex on the 26th day of November, 1891, sustaining a demurrer of the defendant, the Ausable Granite Works, to the complaint and granting the defendant final judgment for costs, with notice of an intention to bring up for review upon the appeal an order, dated the 27th day of October, 1891, upon which said judgment was entered.

*A. W. Boynton,* for the appellant.

*F. A. Rowe,* for the respondent.

HERRICK, J.:

The plaintiff and appellant brings this action to enforce a lien given by chapter 315 of the Laws of 1878 against certain funds in the treasury of the city of New York, alleged to be due and belonging to the defendant and respondent, the Ausable Granite Works. The City of New York is made a party defendant, and is served with a summons and notice of the object of the action. The venue of the action is laid in Essex county, in the fourth judicial district. The respondent, " The Ausable Granite Works," demurred to the complaint on the grounds that the Supreme Court in the fourth judicial district has no jurisdiction in this action ; that the Supreme Court in the first judicial district, the Court of Common Pleas and the Superior Court in and for the city and county of New York, have exclusive jurisdiction of this action, and that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained in the court below on the ground that the Supreme Court has no jurisdiction.

The demurrer as to jurisdiction and the decision in the court below are based on section 1103, chapter 410, Laws of 1882, reading as follows : " The Supreme Court in the first judicial district, the Court of Common Pleas and the Superior Court shall have exclusive jurisdiction of all actions or special proceedings wherein the mayor, aldermen and commonalty thereof are made a party defendant."

The Constitution (art. 6, § 6) provides that " There shall be the existing Supreme Court with general jurisdiction in law and equity." That is a provision as to the Supreme Court as a whole. Its jurisdiction is as wide as the boundaries of the State, and every person, natural or artificial, within such boundaries is subject to that jurisdiction.

For convenience in the transaction of business the State has been divided up into districts, but the court in each district is the Supreme Court of the State, and each has the same power, no more or less than the other ; it is the power and jurisdiction of the Supreme Court, not the Supreme Court of the first judicial district, or the fourth judicial district, but the Supreme Court of the State.

The jurisdiction is given to each and every part of the Supreme Court, each possessing all the power granted to the court; and to confine jurisdiction in certain classes of cases to one part of the court

is to deprive the rest of the court of its jurisdiction, or to limit or qualify it.   The jurisdiction is general, unlimited and unqualified, and the legislature has no power to limit or qualify it.   (*People ex rel. Hill* v. *Supervisors,* 49 Hun, 481; *People ex rel. Mayor, etc.,* v. *Nichols,* 79 N. Y.; 582.)   And any act of the legislature which deprives the court of the jurisdiction it had at the time of the adoption of the Constitution, or limits or qualifies it, is unconstitutional and void.   (*Alexander* v. *Bennett,* 60 N. Y., 204; *City of Brooklyn* v. *Mayor, etc., of New York,* 25 Hun, 612; *Popfinger* v. *Yutte,* 102 N. Y., 42; *Hutkoff* v. *Demorest,* 103 id., 380.)   If the act in question is valid, the Supreme Court in each district or county can be given exclusive jurisdiction in cases where the defendant is a resident of such district or county; if exclusive jurisdiction can be given in one class of cases it can in any, and thus the court be stripped largely of the powers heretofore exercised by it, and made a court of limited and special instead of general jurisdiction.

The suitor also has rights under this section of the Constitution that cannot be taken away from him.   He has a right to go into the Supreme Court anywhere for relief.   To apply to the court, not to a particular member or territorial division of it.   He cannot by legislative enactment be compelled to go before a particular member of it or to a specific county, although the court in the exercise of its power may, in furtherance of justice, subsequently send him there, but he has a right to apply to it for relief wherever within the limits of the State he finds it exercising its functions.   Yet if this law is upheld, there is nothing to prevent the legislature to compel any resident of the State, no matter where he lives, if he seeks relief against a resident of New York city, because of some transaction that took place upon the St. Lawrence, to go to the first judicial district in the county of New York for it, for if they can compel suits against a corporation located in the first judicial district to be brought there, they can also compel suits against natural persons.

If the act in question is to be regarded simply as fixing the venue in the kind of actions in question, it is open to the same objection.   The term "jurisdiction," as used in the Constitution I think means "jurisdiction" of every kind that a court can possess, of the person, subject-matter, territorial, and generally the

power of the court in the discharge of its judicial duties. Among the powers that have been exercised by courts of general jurisdiction from time immemorial has been the power to change the place of trial of an action, not involving real property, in furtherance of justice. It was one of the powers exercised by the then existing Supreme Court at the time of the adoption of section 6, article 6 of the Constitution.

The statute in question strips the court of that power; it confines the trial of actions to which the city of New York is made a party to the county of New York, and prevents the court from exercising its power to change the place of trial, and is in that regard in derogation of the powers granted and confirmed to the court by the Constitution.

For these reasons I think the court below erred, and that the judgment and order appealed from should be reversed, with costs and printing disbursements in the court below and of this appeal. The defendant and respondent to have leave to answer upon the payment of such costs and disbursements.

PUTNAM, J., concurred; MAYHAM, P. J., not sitting.

Judgment and order reversed, with costs and disbursements, with leave for the defendant to answer on payment of costs.