TAYLOR et ux. v. STATE. McFADDEN v. SAME. FOWLER v. SAME.

(Court of Claims of New York. July 25, 1910.)

1. STATES (§ 184*)—COURT OF CLAIMS—NATURE OF COURT.

While the Court of Claims is not referred to by name in the Constitution, it has a constitutional existence by virtue of Const. art. 3, § 19, as amended January 1, 1895, which prohibits the Legislature from auditing or allowing any private claim against the state, and authorizes it to make appropriations to pay claims when they shall have been audited and allowed according to law, and article 1, § 7, providing that, when private property is taken for a public use, the compensation to be made shall be determined by a jury or by not less than three commissioners appointed by a court of record, except when such compensation is made by the state.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

2. STATES (§ 184*)—COURT OF CLAIMS—JURISDICTION.

The Court of Claims, being a statutory court, has only such powers as are conferred upon it by the statute creating it, and which come within the authority of the Legislature to enact, and it cannot pass upon any disputes which under the Constitution are triable in the ordinary constitutional courts; Const. art. 6, which vests the Supreme Court with gen-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eral jurisdiction in law and equity, precluding the transfer of such jurisdiction to other courts so as to restrict citizens in the right thus granted them, but where the Constitution confers upon certain courts jurisdiction to try certain issues, and the Legislature confers upon the court of claims jurisdiction to pass upon the same issues where they are involved in a claim against the state, parties to an action in the Court of Claims may waive their constitutional right to have the issues determined in the regular courts and submit themselves to the jurisdiction of the Court of Claims.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

3. STATES (§ 184*)—COURT OF CLAIMS—JURISDICTION—CONSTRUCTION OF STATUTES.

Code Civ. Proc. § 264, gives the Court of Claims jurisdiction to determine a private claim against the state. Section 281 provides that the court may order parties to be brought in and made parties to any action or proceeding pending in the court whenever it is made to appear that they are necessary to a complete determination of the controversy, or the determination of a liability in matters over which the court may have jurisdiction, and that in such cases the court may render judgment for each against any of the parties in such action or proceeding as may be just and equitable. Section 269 provides that, when damages are awarded for permanent appropriation of land for public use, there shall also be filed with the Comptroller a satisfactory abstract of title and certificate of search as to incumbrances, showing the person demanding such damages to be legally entitled thereto. The Barge Canal act (Laws 1908, c. 196) provides that the Attorney General shall furnish to the Comptroller and State Treasurer the searches necessary to prove the title to the land. Canal Law (Consol. Laws, c. 5) § 47, relating to claims for damages for appropriations, provides that they shall not be paid until a satisfactory abstract of title and certificate of search as to incumbrances shall be furnished, showing the person demanding such damages or commutations to be legally entitled thereto. Section 88 provides that when damages are awarded for the appropriation of lands or waters to the use of the canal, and it appears that there is no lien or incumbrance on the property appropriated, the Comptroller may deposit the amount awarded in any bank in which moneys belonging to such account may be deposited to the account of such award to be distributed to the persons entitled thereto on application of any person to the Supreme Court. Held, that it was the legislative intent that, where all the parties did not consent to have their respective interest in the estate appropriated determined by the Court of Claims, a gross award should be made for the aggregate interests, and the parties remanded to the regular constitutional courts for a distribution between them of their respective interests, so that the award takes the place of the lands, structures, and waters taken, and every interest, whether in possession, by reversion or remainder, by mortgage or other lien or incumbrance, attaches to the award, and must be satisfied before the award is paid by the Comptroller or the award must be deposited to be distributed as the interests of each party may appear.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

Claims by Charles B. Taylor and wife, William D. McFadden, and Norman A. Fowler against the State. Claimants in the second and third claims remanded to the award made in the first claim.

Hugo Hirsh, for Taylor and wife.
George F. Thompson, for McFadden and Fowler.

RODENBECK, J. The claimants in claim No. 9,537 were the owners of a block in the village of Middleport, Niagara county, which

was appropriated by the state December 14, 1908, and the claimants in claims Nos. 9,896 and 9,897 were tenants on the property at the time of the appropriation. At the close of the hearing of the claim of the owner, the tenants appeared by attorney, and asked the court to fix their share in any award that might be made to the owner. To this the attorney for the owner objected on the ground of the absence of jurisdiction in the court to determine a controversy between the parties and the hearing proceeded as to the interests of the tenants' under this objection.

The Court of Claims is not referred to by name in the Constitution, but it has a constitutional existence by virtue of the provision in the Constitution which prohibits the Legislature from auditing or allowing any private claim or account against the state, and authorizes it to make appropriations to pay claims when they shall have been audited and allowed according to law (State Const. art. 3, § 19, as amended January 1, 1895); and the provision which says that, when private property is taken for a public use, the compensation to be made therefor shall be determined by a jury or by not less than three commissioners appointed by a court of record as shall be prescribed by law except when such compensation is made by the state (article 1, § 7). There had existed prior to 1875 for many years canal appraisers (1 Rev. St. pt. 1, c. 9, tit. 9, art 2) who passed upon allowances for appropriations and certain claims connected with the canals and the Legislature previously had audited and allowed claims of other character, but in 1876, after the adoption of section 19 of article 3 of the Constitution, the state board of audit was created by the Legislature, consisting of the Comptroller, the Secretary of State, and the State Treasurer, whose duty it was to hear all private claims and accounts against the state except such as were heard by the canal appraisers (Laws 1876, c. 444). In 1883 the canal appraisers and state board of audit were abolished and the board of claims was created with jurisdiction to hear, audit, and determine all private claims against the state which shall have accrued within two years. Laws 1883, c. 205. The Constitution of 1895 left open the whole matter of the creation of an appraiser, board, or court to determine claims against the state, including claims that might arise out of the exercise of its power of eminent domain. In 1897 the board of claims was abolished and the Court of Claims was created with all the powers and jurisdiction of the board of claims and jurisdiction generally to hear and determine private claims against the state which shall have accrued within two years before the filing of the claim. Laws 1897, c. 36. The latter statute was an amendment of the Code of Civil Procedure and contained the provision that the court may bring in parties necessary to the complete determination of a controversy in matters over which the court has jurisdiction, and may render judgment for or against any of the parties as may be equitable. Code Civ. Proc. § 281. In the exercise of its power, therefore, the Legislature has vested the Court of Claims by provisions of the Code of Civil Procedure and the Barge Canal act and other statutes with power to pass upon certain private claims against the state, including appropriations in connection with the Barge Canal.

It might be contended from the foregoing that, notwithstanding the provisions of the judiciary article creating courts for the determination of controversies between citizens (State Const. art. 6), this court has not only the power conferred upon it by statute to pass upon the amount of damages to be allowed in appropriation cases, but the implied jurisdiction to pass upon all incidental questions that may arise in connection with the exercise of this power including disputes between the parties over the award for property that has been appropriated. If this contention is correct, and there is that inherent power in the court derived from the general jurisdiction conferred upon it, the court would have power in this instance without the consent of the owner to pass upon the amount of the tenant's interest after the owner has been made a party to the proceeding and given an opportunity to be heard. As against this view, however, there is the position that this court, being a statutory court, has only such powers as are conferred upon it by the statute creating it and which come within the authority of the Legislature to enact, and that it cannot pass upon any dispute between citizens which under the Constitution are triable in the ordinary constitutional courts. The judiciary system of the state is provided for in the state Constitution, and it vests the Supreme Court with general jurisdiction in law and equity. State Const. art. 6. This language forbids the transference of this jurisdiction to other courts so as to restrict citizens in the right thus granted to them. In the case of State v. County of Kings, 125 N. Y. 312, 322, 26 N. E. 272, 274, the state undertook to authorize the board of claims to determine a claim of the state against certain counties. The case did not turn upon the constitutional right of the Legislature to permit the state to sue the counties in a court of its own creation, but upon this question Chief Judge Ruger said:

"We do not question the fact that the board of claims is a constitutional tribunal and is lawfully authorized to determine claims against the state which may have been referred to it, but it does not follow that the Legislature can compel citizens to appear before it and litigate claims made by the state or any other party against them. * * * This, however, does not necessarily authorize the Legislature to create a judicial tribunal of general jurisdiction to hear and determine legal questions which are cognizable in the regular constitutional tribunals of the state."

A long list of cases affirms this doctrine. De Hart v. Hatch, 3 Hun, 375; Anderson v. Reilly, 66 N. Y. 189; Alexander v. Bennett, 60 N. Y. 204; Mussen v. Ausable Granite Works, 63 Hun, 367, 18 N. Y. Supp. 267; Getman v. Mayor, etc., of New York, 66 Hun, 236, 21 N. Y. Supp. 116; City of Brooklyn v. Mayor of New York, 25 Hun, 612; Bell v. Niewahner, 54 App. Div. 530, 66 N. Y. Supp. 1096; People ex rel. Mayor v. Nichols, 79 N. Y. 582; People ex rel. Hill v. Supervisors, 49 Hun, 476, 2 N. Y. Supp. 555; People v. Coughtry, 58 Hun, 245, 12 N. Y. Supp. 259. It would seem from these authorities that the Legislature has no power to create a court wherein suitors are compelled to try issues without consent which they have a constitutional right to try in the regular courts, and there is nothing in the act creating the Court of Claims which indicates an intention on the part of the Legislature to compel suitors to try issues between them in that court.

The Court of Claims was created to try claims against the state, and, if the Legislature has given it broader jurisdiction, it was undoubtedly the intention that this jurisdiction should be exercised only in cases where the parties consented to submit their issues to the Court of Claims rather than to a court to which they had a constitutional right to apply. Section 264 of the Code of Civil Procedure provides that the court shall have jurisdiction to hear and determine a "private claim against the state," but section 281 seems to confer upon the court a broader jurisdiction. It provides that the court may order parties to be brought in and made parties to any action or proceeding pending in the court whenever it is made to appear that they are necessary to a complete determination of the controversy or the determination of a liability in matters over which the court may have jurisdiction, and that in such cases the court "may render judgment for or against any of the parties in such action or proceeding as may be just and equitable." This language would seem to confer upon the court jurisdiction over controversies between private citizens wherever their controversies are involved in the determination of the liability of the state, but the section must be construed to mean that such jurisdiction can be exercised only in cases where the parties consent to have issues between them determined in the Court of Claims. There is no legal objection to giving the Court of Claims this jurisdiction and to its exercising it providing the parties consent thereto. While jurisdiction cannot be created by the consent of parties where the Constitution or the Legislature has not conferred it (People ex rel. Platt v. Rice, 144 N. Y. 249, 39 N. E. 88; Matter of Porter, 34 App. Div. 150, 54 N. Y. Supp. 654), it may be waived where it exists (Anderson v. Reilly, 66 N. Y. 189), and, where the Constitution confers upon certain courts jurisdiction to try certain issues and the Legislature confers upon the Court of Claims jurisdiction to pass upon the same issues where they are involved in a claim made against the state, the parties may waive their constitutional right to have the issues determined in the regular courts and submit themselves to the jurisdiction of the Court of Claims (Anderson v. Reilly, 66 N. Y. 192).

There is evidence running through the statutes relating to the jurisdiction of the Court of Claims that the Legislature had in mind the limitation upon its power to confer without the consent of the parties jurisdiction upon the Court of Claims in controversies between citizens. The Barge Canal act gives the court "jurisdiction to determine the amount of compensation for lands, structures and waters so appropriated." Laws 1903, c. 147, § 4. Section 269 of the Code of Civil Procedure provides that:

"Where damages are awarded for the permanent appropriation of land for the public use there shall also be filed with the Comptroller a satisfactory abstract of title and certificate of search as to incumbrances showing the person demanding such damages to be legally entitled thereto."

The Barge Canal act under which this claim was filed provides that "the Attorney General shall furnish to the Comptroller and the State Treasurer all searches necessary to prove the title to the land taken." Laws 1908, c. 196. Section 47 of the canal law (Consol. Laws, c. 5),

relating to claims for damages for appropriations, says that they shall not be paid "until a satisfactory abstract of title and certificate of search as to incumbrances shall be furnished showing the person demanding such damages or commutations to be legally entitled thereto which abstract and search shall be filed in the office of the Comptroller," and, finally, section 88 of the canal law contains this provision:

"When damages are awarded for the appropriation of any lands or waters to the use of the canal and it appears that there is any lien or incumbrance on the property so appropriated, the Comptroller may deposit the amount awarded in any bank in which moneys belonging to such account may be deposited to the account of such award, to be distributed to the persons entitled to the same on an application to the Supreme Court of any person." City of Geneva v. Henson, 195 N. Y. 447, 88 N. E. 1104; Matter of William and Anthony Streets, 19 Wend. 678.

These statutes, taken together, may be fairly construed to mean that the Legislature intended that, where all the parties did not consent to have their respective interests in the estate appropriated determined by this court, a gross award should be made for the aggregate interests, and then the parties should be remanded to the regular constitutional courts for a distribution between them of their respective interests. Ordinarily the words "liens and incumbrances" mentioned in section 88 of the canal law would not refer to an interest in an estate by possession, reversion, or remainder although an incumbrance has been held to include a tenancy (Forster v. Scott, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543), but, taken with the other parts of the statutes relating to appropriations for the canal, it may be held to include all the interests in the property and to forbid the court from determining separately these interests except where all the parties expressly consent thereto so that each will have an opportunity to be heard upon the share of the others and not be prejudiced by the amount awarded. The practice outlined enables the parties to appear and protect their interests, obviates the determination by the court of what constitutes an interest in "lands, structures and waters," avoids constitutional questions as to the power of the court to determine controversies between citizens which would be involved in determining these interests, and is in accordance with the practice that has prevailed in the past. This construction of the statutes is reasonable, protects every interest, and provides a single and practical procedure by confining the questions before the court to the value of the aggregate rights taken except where all the parties consent to have the separate interests determined. People ex rel. Platt v. Rice, 144 N. Y. 249, 39 N. E. 88; Matter of Porter, 34 App. Div. 150, 54 N. Y. Supp. 654; Anderson v. Reilly, 66 N. Y. 189.

A construction which would require the court in each claim to try the amount of each interest in property would involve the court in many cases in the determination of complicated and serious questions of law between parties not affecting the state in any way, triable ordinarily under the Constitution in the regular courts often by jury, the trial of which by this court was not contemplated when the court was established. Under this view, the award takes the place of the "lands, structures and waters" taken and every interest whether in

possession by reversion or remainder or by mortgage or other lien or incumbrance attaches to the award (Youngs v. Stoddard, 27 App. Div. 162, 50 N. Y. Supp. 475; Burkard v. City of New York, 6 Misc. Rep. 431, 26 N. Y. Supp. 1112; Lodge v. Martin, 31 App. Div. 13, 52 N. Y. Supp. 385), and must be satisfied before the award is paid by the Comptroller or the award must be deposited to be distributed as the interests of each party may appear.

The claimants in claims Nos. 9,896 and 9,897 are therefore remanded to the award made to the owner out of which their interests must come to be determined among themselves and if it cannot be agreed upon, to be adjusted in the Supreme Court out of the award when deposited by the Comptroller.

Claims Nos. 9,896 and 9,897 should therefore be dismissed.