### In re PORTER.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.) •

INJUNCTION—VACATION—EX PARTE APPLICATION.

    A proceeding to remove a committee of the person and the estate of an incompetent person is not a part of the original proceeding by which he was appointed, and an order in the proceeding for appointment, staying the prosecution of the proceeding for removal, is, consequently, in substance and effect, an injunction, and not a stay; and therefore, although the proceedings are instituted in different judicial departments, the order granting the injunction, if obtained without notice, may be vacated upon an ex parte application, under Code Civ. Proc. § 626, to the appellate division of the supreme court of the department in which the proceeding for removal is pending.

    Goodrich, P. J., dissenting.

Ex parte application in the matter of Jane A. Porter, an incompetent, to vacate injunction. Granted.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. Langdon Ward, for the motion.

PER CURIAM. We are of opinion that the proceeding to remove a committee of the person and estate of an incompetent person is not a part of the original proceeding by which such committee was appointed. Consequently, the proceeding instituted for the former purpose in Kings county, in the Second judicial district, and the one in the county of Erie, in the Eighth judicial district, are independent proceedings. An order, therefore, in one proceeding, staying the prosecution of the other proceeding, is, in substance and effect, an injunction, and not a stay. The orders granted in the county of Erie on the 2d and 4th days of May are erroneous, and should, therefore, be vacated. We are constrained to take this summary course for the reason that the present condition of these proceedings will quite likely, if not necessarily, lead to an unseemly conflict of judicial authority, operating to the disadvantage of the orderly exercise of judicial power, and interfere with the due administration of justice. At the same time it must be said that the parties who moved at the Erie county special term for the injunction were not without palliation for their action, even though they were without legal justification. We find no reason for the haste with which the proceedings in Kings county have been prosecuted. The order to show cause why the report of the referee should not be confirmed, and directing its service by mail, giving less than two days' notice for people at the other end of the

state, a distance of over 400 miles, was certainly inadvertent, as there is no pretense that any urgency exists, either in the care of the person of Miss Porter or to prevent the waste of her estate, both of which seem to have been perfectly secure in the hands of the former committee. The granting of this order must have been an inadvertence upon the part of the learned judge who granted it,—an inadvertence which we feel assured he will be most ready to correct when his attention is called to it, and will doubtless adjourn the motion, and give the parties the full legal time in which to interpose such matters as they shall be advised are necessary. There is also grave doubt whether the application in this county should not properly have been relegated to the county of Niagara, and whether even now such course should not be taken. But the remedy for the parties aggrieved is by application in the proceeding here, where they can obtain full relief.

WILLARD BARTLETT, J. I concur with the majority of the court as to our power in the premises, but I hardly think the occasion is one which demands its exercise. Gere v. Railroad Co., 38 Hun, 231.

GOODRICH, P. J. I dissent from the opinion of my associates solely on the ground that I cannot assent to the proposition that the appellate division of the department has any power to vacate ex parte the orders of the special term of Erie county. The application is made under section 626 of the Code of Civil Procedure, which in part reads as follows:

"Where the injunction order was granted without notice, the party enjoined may apply, upon the papers upon which it was granted, for an order vacating or modifying the injunction order. Such an application may be made, without notice, to the judge or justice who granted the order, or who held the term of the court where it was granted; or to a term of the appellate division of the supreme court."

This section is embodied in article 3 of title 2, headed "Injunction," and that title, in my opinion, relates exclusively to injunction orders granted as such upon a summons and complaint in an action. It has no relation whatever to such an order or stay as is involved in the present application. The remedy as to such an order is an appeal from the order, and not an original application to the instance side of the appellate division to vacate the same ex parte.