In the Matter of JANE A. PORTER, an Incompetent Person.

WILLIAM B. PUTNEY, as Committee of the Person of JANE A. PORTER, an Incompetent Person, Respondent, *v.* BENJAMIN FLAGLER, as Committee of the Estate of JANE A. PORTER, an Incompetent Person, and Others, Appellants.

*Committee of an incompetent person — residence of the incompetent within section 2323, Code of Civil Procedure — an order made in the wrong district is irregular, not void.*

Under section 2323 of the Code of Civil Procedure, requiring an application for the appointment of a committee of an incompetent person, when made to the Supreme Court, to be presented at a Special Term thereof, held within the judicial district where the incompetent resides, or to a justice of the court within such district, the residence of the incompetent is her legal residence, and her temporary domicile in another county does not operate to change it.

An order of the Supreme Court, not made in the proper judicial district, is, however, not void, but only irregular; and on an application of relatives of

the incompetent, to whom notice of the proceeding has been given, under section 2325 of the Code of Civil Procedure, an order will be made that the proceeding be relegated to the county of her legal residence.

APPEAL by the defendants, Benjamin Flagler, as committee of the estate of Jane A. Porter, an incompetent person, and others, relatives of the said Jane A. Porter, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 4th day of October, 1898, appointing a committee of the person of Jane A. Porter, an incompetent person; also from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 4th day of October, 1898, conditionally continuing an injunction restraining the defendants from prosecuting any further proceedings in Niagara county for the appointment of a committee of her person and estate; and also from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 4th day of October, 1898, denying their motion to relegate the proceedings to the county of Niagara.

*Louis Marshall* [*T. E. Ellsworth, John E. Pound* and *L. A. Spalding* with him on the brief], for the appellants.

*W. B. Putney*, for the respondent.

CULLEN, J.:

In 1886, Miss Jane A. Porter was, in proceedings instituted in the county of Niagara, declared an incompetent person, and Benjamin Flagler, of that county, was appointed committee of her person and estate. At this time, Miss Porter was a resident of the county of Niagara, and had resided in that county from the time of her birth. The bulk of her estate consisted of realty situated in that county. Mr. Flagler qualified as committee, and assumed the control of the person and estate of Miss Porter. In 1897 a proceeding was instituted in Niagara county to supersede the commission. A reference was had and testimony taken, with the result that the application was denied. The immediate custody of Miss Porter was, of late years, intrusted by her committee to Mrs. O'Connor, a cousin of the incompetent person, who resided in Queens county. In March, 1898, a petition on behalf of Miss Porter was presented to the

Special Term of this court, held in the borough of Brooklyn, praying for the appointment of a new committee of her person in place of Mr. Flagler, and an order was granted by the Special Term directing Mr. Flagler to show cause why the prayer of the petitioner should not be granted.  On the return of the order to show cause, an order was made appointing a referee to take proof as to a proper person to be appointed a committee of the person in the place of Mr. Flagler, and the referee was directed to give notice of the hearings to the relatives of Miss Porter.  In pursuance of this order, the referee took evidence and made his report.  An order was then made that the parties show cause why the report of the referee should not be confirmed and a new committee of the person appointed. This order was returnable in Kings county and was served on the relatives of the incompetent person, a majority of whom resided in the county of Niagara or in the eighth judicial district.  At the time appointed for the return of this order the committee, Mr. Flagler, and the relatives of Miss Porter, moved, on notice, that the proceeding be transferred to the county of Niagara.  This application was denied.  The report of the referee was confirmed and a new committee of the person appointed.  From the two orders made on these applications appeals have been taken to this branch of the court.

During the pendency of these proceedings the relatives of Miss Porter obtained an order from a Special Term in the eighth judicial district restraining the further prosecution of the proceedings. This stay was vacated by this division of the court.  (*Matter of Porter*, 30 App. Div. 251.)  Subsequently Mr. Putney, who had been appointed temporary committee of the person of Miss Porter, brought an action in the Supreme Court against the committee of her estate and her relatives, seeking, among other things, to enjoin the prosecution of any proceedings in Niagara county.  A temporary injunction was granted, which was continued on the return day.  The third appeal before us is from the order continuing the injunction.

The first claim of the appellants is that the proceedings instituted in Queens county are void, because the incompetent person was not a resident of that county.  We agree in the proposition that the legal residence of Miss Porter was in the county of Niagara, and

that her temporary domicile in Queens county did not operate to change her previous residence. Section 2323 of the Code of Civil Procedure prescribes that an application for the appointment of a committee, when made to the Supreme Court, must be presented at a Special Term within the judicial district where the incompetent resides or to a justice of the court within such district. We are of opinion that the rule prescribed by this section of the Code equally applies to subsequent proceedings instituted in reference to the person or estate, even though these proceedings are to be deemed as new, original and independent proceedings. This rule was violated in making the application to a Special Term in the county of Kings. But it does not follow that the proceedings are void. The custody and control of incompetent persons and their estates was originally vested in the Court of Chancery, the powers of which court were, by the Constitution of 1846, devolved on the Supreme Court. The mode of its exercise is subject to the statutory provisions on the subject contained in the Code of Civil Procedure. (*Matter of Blewitt*, 131 N. Y. 541.) But there is only one Supreme Court, and these statutory provisions as to where or to what terms of the court application shall be made do not limit the jurisdiction of the court, but relate merely to practice. Therefore, an order not made in compliance with these provisions is not void, but only irregular or erroneous. In *People ex rel. Platt* v. *Rice* (144 N. Y. 249) it was sought to punish the defendants for violation of an order for a mandamus directed by the Special Term. The defendants were State officers, and by section 605 of the Code of Civil Procedure the order could have been properly made only by the General Term. Though the defendants had stipulated to abide by the decision of the Court of Appeals in review of the order, it was alleged that the order was made without jurisdiction in the court. In answer to this claim, it was said by Judge GRAY: " It is true that jurisdiction cannot be conferred by consent of parties; but a question relating to the authority of a branch of the court to make the particular order may be effectually waived. The Supreme Court had jurisdiction of the parties, although the authority to order the writ of mandamus may have been vested in the General Term." In *City of Brooklyn* v. *The Mayor* (25 Hun, 612) a statute directed that the Supreme Court in the first judicial district, the Court of Com-

mon Pleas and the Superior Court of the city of New York should have exclusive jurisdiction of all actions and special proceedings against the mayor, aldermen and commonalty of that city. It was held that the statute could not operate to deprive the Supreme Court of jurisdiction, but was good as a statute relative to venue. In that case the defendants had previously interposed a demurrer on the ground that, the action being brought in Kings county, the court had no jurisdiction. This demurrer was overruled.

But though the proceedings instituted in this district were not void, still, whenever the question was raised, full effect should have been given to the provisions of the Code prescribing where and how applications in those proceedings should be made. It is no answer to this to say that the relatives of Miss Porter, who raised the objection that the proceeding should be relegated to the county of Niagara, were not necessary parties to the proceeding. Under the Code (§ 2325) in proceedings of this character, the court may direct to what relatives of the incompetent person notice shall be given. The court exercised this discretion and directed that the relatives should receive notice, and, therefore, be made parties to the proceeding. We must assume that the discretion was properly exercised and the direction properly made. Being thus parties to the proceeding, the objectors have the same rights as any other party. Nor is it to be said that the question is merely one of comity, a comity not to be indulged in at the expense of the incompetent person. We think it is much more than a question of comity. It is a question of the orderly administration of justice. At the commencement of these proceedings there was threatened a conflict of judicial authority, arising from orders made in the second judicial district and others made in the eighth judicial district. That there might be no such unseemly conflict, we felt constrained to summarily vacate the injunction order granted in the county of Erie. (*Matter of Porter*, *supra*.) The same reason that dictated our previous action seems to have equally required that these proceedings should have been remitted to the county of Niagara.

We think, therefore, that the order confirming the report of the referee and appointing a committee of the person should be reversed, and the hearing on the application for such an order transferred to the eighth judicial district, except that the direction in the order

that Judge Reynolds be appointed committee of the person, and that certain monthly payments be made to him for the support of the incompetent person, be continued in force until the final order of the court in the premises; the order denying the motion of the relatives to relegate the proceedings to the county of Niagara should be reversed and the application granted; and the order continuing the injunction made in the action should be reversed and the injunction vacated; ten dollars costs on each of these appeals, and the disbursements of the appeal, should be allowed to the appellants, to be paid out of the estate of the incompetent person.

All concurred.

Order confirming report of referee appointing committee reversed, and hearing on application for such order transferred to the eighth judicial district, except that the direction of the order that George G. Reynolds be appointed committee of the person, and that certain monthly payments be made to him for the support of the incompetent person be continued in force until the final order of the court in the premises; order denying motion to relegate the proceedings to the county of Niagara reversed and motion granted; order continuing the injunction reversed and injunction vacated; ten dollars costs on each appeal, and the disbursements of the appeal, allowed to the appellants, to be paid out of the estate.