In the Matter of the Application for the Appointment of a Committee of the Person and Property of HENRY SPAULDING SCHLEY, SR., an Alleged Incompetent Person. ARLINE BENNETT SCHLEY; JOHN J. FOGARTY, Special Guardian for HENRY SPAULDING SCHLEY, SR., an Alleged Incompetent Person, and RAY W. AYLESWORTH, Special Guardian for "JOHN" SCHLEY, DIANE MASON SCHLEY, and HENRY SPAULDING SCHLEY, 3RD, Infants, etc., Appellants; ADELE MASON SCHLEY, STURGESS MASON SCHLEY, HENRY S. SCHLEY, JR., KATHERINE SCHLEY VARIELL, FARMERS LOAN AND TRUST COMPANY, Respondents.—In a proceeding for the appointment of a committee for the person and property of an alleged incompetent person, order dismissing the petition reversed on the law and the facts, with ten dollars costs and disbursements, payable out of the estate, and the proceeding transferred to the Supreme Court, Nassau county, for determination on the merits. The sole issue before the court was whether the alleged incompetent resided in Westchester county or in Nassau county. Although the alleged incompetent has for thirteen years been an inmate of a hospital in Westchester county, his home was and is in Nassau county. " Residence " is synonymous with " domicile." (Hislop v. Taaffe, 141 App. Div. 40.) The court, therefore, properly decided that the alleged incompetent's residence is in the Second Judicial District. The court, however, erred in dismissing the petition, since on the issue of incompetency the petitioner is entitled to her day in court. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.

In the Matter of the Application of HYMAN SKLAREW and ROSE SKLAREW for an Order Directing MYRON J. SHON, an Attorney, to Surrender Certain Policy of Insurance in His Possession and Determining and Fixing a Reasonable Attorney's Fee for Services Rendered by the Said Attorney. HYMAN SKLAREW and ROSE SKLAREW, Appellants; MYRON J. SHON, Attorney, Respondent.— In a summary proceeding to obtain an insurance policy from the attorney who represented the petitioners and to fix his fees at an amount different from that agreed upon by a contract, resettled order denying petitioners' motion affirmed, with ten dollars costs and disbursements, without prejudice to the right of the petitioners to proceed by action or otherwise, as they may be advised. No opinion. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

LAFAYETTE MIRROR & GLASS CO., INC., Appellant, v. STELLA SMOLENS, as Administratrix, etc., of ABRAHAM I. SMOLENS, Deceased, Respondent, and Others, Defendants.— Appeal from order denying motion to remove to the Supreme Court, Kings county, an action pending in the Municipal Court of the City of New York, Borough of Manhattan, and to consolidate it with an action pending in the Supreme Court. Order affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

GUSSIE PERITZ, Respondent, v. MAJESTIC MANAGEMENT CORP., ABRAHAM J. HAMMER and GUSSIE HAMMER, Appellants, and Others, Defendants. (Appeal No. 1.) — Order denying appellants' motion to cancel a lis pendens upon certain real property in an action to enforce a claimed agreement to an undivided one-half interest in the fee thereof, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.