Per Curiam.
The proceeding should be transferred to the appropriate Special Term in the Tenth Judicial District, for the determination of the question of incompetency raised in the petition. The alleged incompetent is indisputably a resident of Suffolk and not a resident of New York County. The statute (Mental Hygiene Law, § 101, subd. [2]) requires the proceeding to declare incompetency be maintained in the judicial district of the residence of the incompetent. The papers submitted for the order to show cause which instituted the proceeding were sufficiently contradictory on their face on residence of the incompetent to require further inquiry.- Instruments referred to in the moving papers and made part of the record showed repeated references by the incompetent to his residence in Suffolk County.
In such circumstances the statute requires a Supreme Court proceeding be maintained in the Tenth Judicial District (Matter of McKitterick, 286 App. Div. 885, app. dsmd. 309 N. Y. 803; Matter of Schley, 253 App. Div. 818; Matter of Porter, 34 App. Div. 147).
The court at Special Term in the Tenth District has discretion to make such allowances as maybe proper for services performed in good faith under the authority of prior orders. (Cf. Matter of Tracy, 1 Paige Ch. 580; Matter of M’Clean, 6 Johns. Ch. 440; Carter v. Beckwith, 128 N. Y. 312.)
The present committee should continue for a reasonable time, but not later than March 17, 1969 — under the supervision of the Supreme Court, Tenth Judicial District — in the execution of its duties as such committee until a determination of the question of incompetency is made, and the appointment of a new committee or the continuation of the present committee is effected, by the court having jurisdiction as determined herein.
The order should be reversed and .the proceeding remitted to the Supreme Court, New York County, for proceedings in accordance with this opinion.