## ·DOLL *v.* FELLER.

DEMURRER to the jurisdiction of a Court of general jurisdiction lies only where the want of jurisdiction appears affirmatively on the face of the complaint. Otherwise, of Courts of limited and special jurisdiction; there, every fact essential to confer jurisdiction must be alleged.

In Courts of general jurisdiction, the cause of action only need be stated, and the want of jurisdiction, arising from insufficient value of the premises sued for, must be taken advantage of in some other way.

A complaint in ejectment describing the premises as "lot No. 1 in block No. 23 as per plot of the town of Red Bluff, as laid out by the Red Bluff Land Corporation in 1853, being on the corner of Main and Sycamore streets, twenty-five feet on Main by one hundred and fifteen feet on Sycamore, and running back to the alley," and specifying the county in which they are situated by the terms "in said county," referring to the designation "county of Tehama," in the title of the suit, sufficiently describes the premises. The description by metes and bounds is required only so far as they may be necessary to identify with certainty the property.

In actions to recover real property, the complaint need not state the residence of either of the parties; the statute provides for the *trial* in certain counties, and the situation of the premises, not the residence of the parties, determines the county.

Failure of defendant in ejectment to appear when the cause is called for trial—an answer being in—authorizes the Court to try it without a jury.

Where in ejectment the facts found by the Court authorized a judgment for possession but not for damages, the judgment, being for possession and damages, was affirmed in the Supreme Court, upon respondent's remitting the damages and paying costs of appeal.

APPEAL from the Fifteenth District.

Defendant appeals.

*L. Sanders, jr.,* for Appellant.

*E. B. Crocker,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The complaint in this case describes the premises, for the possession of which this action is brought, as "lot No. 1 in block No. 23 as per plot of the town of Red Bluff, as laid out by the Red Bluff Land Corporation in 1853, being on the corner of Main and Sycamore streets,

Doll *v.* Feller.

twenty-five feet on Main by one hundred and fifteen feet on Sycamore, and running back to the alley," and specifies the county in which they are situated by the terms "in said county," referring to the designation "county of Tehama," preceding the names of the parties in the title. The complaint does not allege the value of the premises, and asks only fifty dollars damages for their detention.   To the complaint a demurrer was interposed, on the grounds, in substance, as follows: that it does not show that the Court has jurisdiction, as it does not state the value of the property; that it does not give the metes and bounds of the premises; and that it does not mention the residence of the parties, or either of them.   There is nothing in any of these grounds.

1. A demurrer to the jurisdiction of the Court only lies where the want of such jurisdiction appears affirmatively upon the face of the complaint.   In a Court of limited and special jurisdiction, the rule is otherwise; there, every fact essential to confer the jurisdiction must be alleged.   In Courts of general jurisdiction the cause of action need only be stated, and the want of jurisdiction, arising from the insufficient value of the premises, must be taken advantage of in some other way.

2. The description of the premises is sufficient, and the reference to the caption of the complaint indicates the county in which they are located.   The description by metes and bounds is required, only so far as they may be necessary to identify with certainty the property.   Here the corner of the streets, the number of feet on each street, the running back to the alley, and the reference to the plot of the town where it is "laid out," give such precision to the premises as to enable the officer upon execution to place the plaintiff, in case of recovery, in possession.

3. It was unnecessary to mention the residence of the parties, or either of them.   The statute only provides for the *trial* of actions in certain counties, and with reference to actions to recover real property, the situation of the premises, and not the residence of the parties, determines the county.   (Prac. Act, sec. 18.)

The demurrer having been overruled, the defendant filed an answer; but when the cause was called, failed to appear, and thereupon the Court proceeded, tried the cause without a jury, found the facts, and rendered judgment for the plaintiff for the possession of the premises, and fifty dollars damages.

The failure of the defendant to appear, when the cause was called, authorized the trial by the Court without the intervention of a jury. (Prac. Act, sec. 179; *Waltham* v. *Carson,* 10 Cal. 180.)   The facts

found do. not, however, warrant the judgment for damages, and it must be modified in this respect.

Judgment affirmed, on the respondents filing a remittitur of the fifty dollars damages, and paying the costs of appeal.