## LOWANDE *v.* GARCÍA.

### APPEAL from the District Court of San Juan.

No. 156.—Decided December 5, 1907.

ALLEGATIONS — JUDGMENT RENDERED ON THE MERITS — EVIDENCE — JUDICIAL KNOWLEDGE.—The question whether or not a court has judicial knowledge of certain facts cannot be raised in a case where judgment is rendered on the merits of the allegations, inasmuch as such knowledge tends to the establishment of certain facts without the necessity of evidence, and this can only occur in cases where the evidence is taken at the trial.

ID.—Although the courts may take judicial notice of matters of fact and of law, nevertheless for the purposes of a judgment rendered on the merits of the allegations, the court cannot consider as a matter of judicial knowledge any fact which has not been alleged therein.

JURISDICTION—COURTS OF GENERAL AND LIMITED JURISDICTION.—District courts are courts of general jurisdiction, although in suits for the recovery of money and property their jurisdiction is limited to those cases in which the amount involved is in excess of $500, and municipal courts are courts of limited jurisdiction. In the former jurisdiction is presumed when it does not appear from the complaint, but in the latter it is necessary that the complaint contain allegations tending to establish the jurisdiction of the court.

ID.—DEMURRER.—A question of jurisdiction on account of the subject matter cannot be raised by demurrer, where the complaint is filed in the district court and it does not appear therefrom that the court has jurisdiction; in such cases, want of jurisdiction should be alleged.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Herminio Díaz* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case, Tony Lowande brought suit against Manuel
A. García and Otero & Co. on the 22d day of August, 1906,
seeking to compel the performance of a contract on the part
of García, and to force the said García to deliver to the plain-
tiff, for exhibition in his cinematograph, in preference to
Otero & Co., a certain moving picture, representing the mar-
riage of the King of Spain. No value is alleged to the prop-
erty, nor is any sum fixed for damages consequent upon the
failure to comply with the contract. Defendants filed a de-
murrer to this petition on the grounds, first, that the court
had no jurisdiction, and second, that the petition did not state
facts sufficient to constitute a cause of action.

On the pleadings the district court, on the 30th of March,
1907, rendered a judgment, holding that the court had no
jurisdiction in the case, and dismissing the action, but the
issues involved will be better understood by setting forth at
length the pleadings and the judgment. The complaint, omit-
ting the heading, reads as follows:

"Tony Lowande, a resident of this city, appears through his coun-
sel, José de Guzmán Benítez, and in a personal action files suit against
Manuel A. García, temporarily a resident of Cayey, of the Judicial
District of Guayama, and against Messrs. Otero & Co. as the repre-
sentative of Manuel Otero, a resident of San Juan, to require them to
comply with a contract entered into with the plaintiff herein, and sets
forth as the cause of action:

"That the plaintiff is the owner of a cinematograph; that Messrs.
Otero & Co. are the owners of another like instrument, both of whom
are carrying on their respective business in different places in this
city; and Manuel A. García is the owner of another cinematograph
which he is operating in the towns of the Island, and at present in
the town of Cayey.

"That Manuel A. García and the plaintiff have entered into an
agreement, of which Messrs. Otero & Co. have knowledge, by which
the said García and the plaintiff herein are mutually bound to turn
over to each other, in preference to any other owner of cinemato-
graphs, certain films received for exhibition, in the places where they
operate respectively.

"That the said agreement was particularly and expressly made and ratified by and between the said García and the plaintiff, in regard to the films "Marriage of the King of Spain," each being respectively and mutually bound, after receiving and exhibiting the same, to send it immediately to the other contracting party.

"That the plaintiff has complied faithfully with his agreement with Manuel A. García, sending him after using the same in San Juan, different films belonging to plaintiff, which García has exhibited in his cinematograph in different towns of the Island, and has even abused his privilege to use such films by turning them over to third parties without the consent of the plaintiff.

"That the defendant García has not complied with his agreement because, although he forwarded to the plaintiff some of his films, he has failed openly to live up to his agreement, because having received the film called "Marriage of the King of Spain" and having exhibited the same in different towns of the Island, he has not only not forwarded the same to the plaintiff to be exhibited in San Juan, but has forwarded it to Messrs. Otero & Co., to be exhibited in their cinematograph, causing thereby grave damage to the plaintiff herein.

"That Messrs. Otero & Co., notwithstanding the knowledge that they have of the agreement existing between Manuel A. García and the plaintiff, have improperly and illegally advertised the exhibition of the said film, "The Marriage of the King of Spain," in their cinematograph for to-night.

"The plaintiff alleges that from the foregoing facts he has a sufficient cause of action and the right to obtain a judgment ordering Manuel A. García to deliver to the petitioner the said film to be exhibited in his cinematograph in preference to any other owner of such an enterprise, and that Messrs. Otero & Co. be ordered to abstain from exhibiting in their cinematograph the said film called "Marriage of the King of Spain."

"And your petitioner prays the court to render judgment in this case condemning Manuel A. García to deliver to the plaintiff, to be exhibited in his cinematograph, in preference to Messrs. Otero & Co., or any other similar operator, the film belonging to said García, called "Marriage of the King of Spain," which he has improperly and illegally turned over to Messrs. Otero & Co., to be exhibited; and that the defendants Otero & Co. be ordered to abstain from exhibiting said film, for the use of which the plaintiff has the preference over them, condemning both defendants to the payment of the costs."

The demurrers to the said complaint are set forth in the following words:

"That the complaint does not show that this court has, as it has not, on account of the character of the action, jurisdiction in said case, inasmuch as the value of the film claimed is not stated.

"That the complaint does not set forth facts sufficient to constitute a cause of action, since accepting all of said facts to be true, the plaintiff cannot make such a claim."

The court rendered its judgment in the following language:

"In this case the defendant has filed demurrers to the complaint based on the allegation that the court has not jurisdiction of the subject matter of the action in this case, inasmuch as the value of the thing claimed is not stated, and further, because the complaint does not set forth facts sufficient to constitute a cause of action.

"And the court having considered said demurrers is of opinion that the facts and the law are in favor of the said demurrers, and therefore decided that it lacks jurisdiction, by reason of the subject matter in this case to consider the claim set up by Tony Lowande against Manuel A. García and Otero & Co., in regard to the delivery of a film in compliance with a contract, and dismisses the action with costs against the plaintiff. And let this decision be recorded in the book of judgments of this court. Pronounced in open court on the 30th day of March, 1907."

From this judgment an appeal was promptly and properly taken by Tony Lowande, and the correctness of the same is before us for consideration. It is well to examine in this connection the opinion rendered by the district judge, as the basis for his judgment. It is set forth in the following language:

"In the present case the defendant has presented exceptions to the complaint, alleging as grounds, that the court has no jurisdiction over the subject matter in the action brought in this suit, inasmuch as the value of the thing claimed, has not been stated; and, further, that the complaint does not state facts sufficient to constitute a cause of action.

"As the lack of jurisdiction of this court over the subject matter of the action, has been alleged, the court must first decide the exception in which said allegation is made, and can only proceed to consider the second exception, in case the first should be overruled.

"As we see from the exception itself, the latter is based on the fact that the complaint does not state the value of the thing claimed, showing—and so it is in fact—that the complaint does not contain any affirmative allegation, which shows the lack of jurisdiction, but an attempt is made to infer said lack of jurisdiction, precisely from the fact that the complaint does not contain any allegation in regard to this particular.

"This court, before which the case is pending, is a court of general jurisdiction and of record, and it is, therefore, not necessary, in the complaint filed in the same, to establish facts which show the jurisdiction of the court over the subject matter of the action. The presumption is, unless something else is shown, that the plaintiff has come, with his complaint, to a court which has jurisdiction of the subject matter; the contrary in the case in courts of limited jurisdiction, like the municipal courts in Porto Rico, where it is necessary to establish the facts, by virtue of which the court has jurisdiction of the case; that is, those which demonstrate the jurisdiction of the court. (See cases of *Doll* v. *Feller*, 16 Cal., 432; *Jolley* v. *Foltz*, 34 Cal., 321.)

"Then the court cannot sustain the exception on account of the mere fact that the complaint does not contain any allegation concerning the value of the thing claimed, since the presumption, as has been said, is in favor of the jurisdiction of this court as a court of general jurisdiction, unless the contrary affirmatively appears on the face of the complaint or of the record.

"But it is the duty if this court to take judicial notice of its own judgments and decisions, and, on account of this complaint, and, consequently, between the same parties, a discussion took place in regard to the annulment of an order of injunction which had been obtained by the plaintiff; and, by the evidence heard in connection with the said annulment, it was proven that the thing claimed in the complaint, from which the exception is taken, and which served as a basis for the order of injunction, was only worth $98, which amount is below the limit of which this court can take cognizance, in accordance with the statute in force; and the court, in its opinion and decision, annulling the injunction, considered precisely the value referred to, as a ground for the annullment of said injunction. For if the court has judicial notice of the fact that the thing claimed in the suit has a value far

below $500, which amount is the limit up to which the municipal judges may take cognizance of the case, and beyond which commences the jurisdiction of this court, the latter may dismiss the complaint, for lack of jurisdiction; because, 'whenever the court lacks jurisdiction of the subject matter, it may, on its own motion, or when its attention is called to the fact, refuse to proceed further, and dismiss the action.' (Brown on Jurisdiction, p. 49.)

"For the reasons stated, the court, taking into account the judicial knowledge of this matter, reaches the conclusion that it lacks jurisdiction of the subject matter of the action; and, for the same reason, it cannot proceed to consider the other exception, as to whether or not the complaint alleges facts sufficient to constitute a cause of action; and, as a consequence of all the aforesaid, the court decides:

" 'That it has no jurisdiction over the subject matter in the present case, in order to take cognizance of the reclamation made by Tony Lowande against Manuel A. García and Otero & Co., concerning the delivery of a film, in compliance with a contract, and dismisses the said action with the costs against the plaintiff.' "

In the consideration of this case we must not lose sight of the fact that no evidence whatever was introduced on the trial but that the case was decided simply on the pleadings; that is to say, solely on the complaint and the demurrer.

What the district judge says about taking judicial notice of the proceedings in the injunction case which grow out of the suit to compel the performance of the contract, does not properly apply to the case at bar, since the court takes judicial notice of such matters as those involved herein for the sole purpose of establishing facts; and it could only be when evidence had been introduced on the trial that the question could arise in this case whether or not the court could take judicial notice.

Although courts can take judicial knowledge both of matters of law and of fact, still in this case the trial court has called to the support of his decision judicial knowledge of facts alone, and those not alleged in the complaint, which cannot be done in the consideration of a demurrer of any kind.

Our Law of Evidence which is found in the Session Acts of Porto Rico for 1905 on pages 70 to 103 summarizes the rules of evidence in civil cases, and may be profitably consulted whenever the introduction of proof is necessary in any case. Section 36 treats of the knowledge of the court, and whether the eight instances in which the court can take judicial knowledge of certain facts are intended to be exclusive of all others or not need not be dicided here or now, because on the pleadings as herein presented no question of judicial notice properly arises. Instead of looking to the Law of Evidence we must look to that of pleading, and especially to section 105 of the Code of Civil Procedure, which treats of demurrer to the complaint. In order to sustain a demurrer it must appear on the face of the complaint that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, or some other matter specified in section 105.

There is nothing in this view of the case contradictory to the opinion of the court in the injunction case between the same parties, rendered by Mr. Justice Figueras on the 3d day of May last, nor conflicting with the concurrent opinion of Mr. Justice Wolf in that case, in which I also concur. The judgment of the court in the said injunction case was "affirmed only for the reasons which appear from the evidence," as stated by Mr. Justice Figueras in the last paragraph of his opinion. In the case at bar there is no evidence whatever contained in the record; but the case is brought here entirely on the pleadings, which alone can be considered.

In the consideration of the demurrer as already stated the court is not permitted to look beyond the face of the complaint itself. Then the question arises, is this complaint, which we have quoted above, sufficient on its face to show jurisdiction in the court in the absence of any facts not appearing from the pleadings?

In order to determine this question we are not permitted to consider facts arising from affidavits or other parts of the record, which form no part of the pleadings, but must confine ourselves solely to the complaint and the demurrer made thereto.

As the demurrer brings up the question of jurisdiction in the trial court we will examine briefly the law concerning the jurisdiction of such a court.

In some discussions of the subject of jurisdiction a confusion seems to arise in regard to courts of special and limited jurisdiction. The correlative terms as applied to jurisdiction are, or should be, general and special, unlimited and limited, and the like. For example a probate court is one of special jurisdiction, being confined to the settlement of estates of deceased persons and minors and matters of a kindred nature, although the amount involved may be unlimited. The district courts, or other courts of first instance, may be, and generally are, courts of general jurisdiction, although a minimum sum is fixed below which the case falls to the consideration of some inferior court.

In Bouvier's Law Dictionary, that excellent cyclopedia of legal knowledge edited by Francis Rawle, the different classes of jurisdiction are explained and discussed with that brevity which at the same time permits thoroughness. The learned writer says:

"Jurisdiction (Lat. jus.. law, dicere, to say). The authority by which judicial officers take cognizance of and decide causes. (60 Vt., 618.) The power to hear and determine a cause. (3 Ohio, 494; 6 Pet., 709; 2 How., 338.) The right of a judge to pronounce a sentence of the law, on a case or issue before him, acquired through due process of law. It includes power to enforce the execution of what is decreed. (9 Johns., 239; 3 Metc., Mass., 469; Thach., 202.)

"The right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudicated belongs; second, the proper parties must be present;

and third, the point decided upon must be, in substance and effect, within the issue. (1 Black, Judg., sec. 242; 55 Ark., 200.)

"General jurisdiction is that which extends to a great variety of matters. General jurisdiction in law and equity is jurisdiction of every kind that a court can possess, of the person, subject matter, territorial, and generally the power of the court in the discharge of its judicial duties. (63 Hun, 367.)

"Limited jurisdiction (called, also, special and inferior) is that which extends only to certain specified causes." (2 Bouvier's Law Dict., p. 57.)

From these definitions we may more readily inquire into the nature of the jurisdiction conferred by law on our district courts. Let us turn to the same class of courts as they exist in California and examine their jurisdiction.

The learned commentator in Estee's Pleadings, Vol. 1, sections 39 and 40, pages 22 *et seq.,* in discussing the jurisdiction of the California courts, says that the court of general jurisdiction in that State is the superior court, which is a tribunal corresponding closely with our district court. The minimum amount of which it can take cognizance is $300; but this fact does not make it a court of special or limited jurisdiction. Neither does the fact that certain misdemeanor cases must be tried in other courts have that effect.

It seems clear that in like manner our district courts, being the principal courts of original jurisdiction in this Island, are also to be classed as courts of general jurisdiction, having all the functions of courts of that class.

The district court in Porto Rico, like the superior court in California, is a court of general jurisdiction, although in suits for the recovery of money and property it is limited to the consideration of amounts exceeding $500. There is nothing in the complaint quoted above to show that the district court has no jurisdiction. As is well said by the district judge in his opinion which we have set out herein: "The presumption is, unless something else is shown, that the plaintiff has come, with his complaint, to a court which has jurisdic-

tion of the subject matter." The contrary is the case in courts of special or limited jurisdiction, like the municipal courts in Porto Rico, where it is necessary to establish by allegations set out in the complaint the jurisdiction, and to show thereby that the court has jurisdiction.

This is also the rule in California, as is shown in the cases of *Doll* v. *Feller,* 16 Cal., 432; and *Jolley* v. *Foltz,* 34 Cal., 32. Chief Justice Field, in the former case, states the law very clearly as follows:

"A demurrer to the jurisdiction of the court only lies where the want of such jurisdiction appears affirmatively upon the face of the complaint. In a court of limited and special jurisdiction the rule is otherwise; there every fact essential to confer the jurisdiction must be alleged. In courts of general jurisdiction the cause of action need only be stated, and the want of jurisdiction, arising from the insufficient value of the premises, must be taken advantage of in some other way."

If the defendant desires to raise the question of jurisdiction on account of the amount involved, he should do so by a plea to that effect, and not by demurrer. The demurrer based on the want of jurisdiction should have been overruled.

The second paragraph of the demurrer was not considered by the court below. It is what is called, in American practice, a general demurrer, being based on the ground that the complaint does not show facts sufficient to constitute a cause of action. In considering such demurrers the American courts are not usually inclined to go into the question very thoroughly, but only to consider the general allegations of the complaint, and to leave the defendant by special demurrers to point out any latent defect which may be found in the complaint.

Mr. Chief Justice Field, in 1858, speaking for the Supreme Court of California, says:

"The want of any averment of special damage, if such were the fact, could not be reached by general demurrer. This is not one of

those cases where the right of action itself depends upon the special injury received. For the breach of a contract an action lies though no actual damages be sustained.'' (*McCarty* v. *Beach,* 10 Cal., 464.)

This opinion is cited with approval 37 years later, in 1895, by the Supreme Court of Montana, speaking through Mr. Chief Justice Pemberton, who says:

''The complaint sets up a contract, and alleges breaches thereof on the part of the defendant. In this respect we think the complaint does state a cause of action, at least for nominal damages. If so, it was good on general demurrer thereto.

''In this opinion Justices Hunt and Dewit concurred.'' (*Jacob Sultan Co.* v. *Union Mercantile Co.,* 17 Mont., 64.)

While the complaint in this case can by no means be regarded as a model to be followed by those desirous to excel in pleading, yet it is not sufficiently defective to be subject to the exceptions presented against it in the trial court.

Brevity in pleading is to be commended, but it should not be obtained at the expense of perspicuity.

From all that appears from a careful examination of this complaint, a general demurrer to it would not lie, and had the district court considered such a demurrer as the second one presented, it should have been overruled.

For the reasons stated herein, the judgment of the district court should be reversed, and the cause remanded for further proceedings, in accordance with the law, as indicated in this

*Reversed.*

Chief Justice Quiñones and Justices Hernández and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.

### CONCURRENT OPINION OF MR. JUSTICE WOLF.

In this case a complaint was filed and subsequently an application was made for an injunction. After an investiga-

tion of the law organizing the judiciary of the Island as well as the practice that existed under Spanish rule and the military organization, I have become convinced that the district court cannot entertain original jurisdiction where the amount involved is less than $500. A different state of things prevails where a new remedy like that of injunction or *mandamus* has been especially put into the power of the district court. No such jurisdiction has been conferred on the municipal courts and the district courts are then the lowest courts which can take notice of an application for the extraordinary writ of injunction. Where the object of a complaint is to obtain a writ of injunction the district court can in a proper case entertain jurisdiction even if the amount involved is less than $500. But it is otherwise where the primary object of the suit is for some other purpose and the injunction is a mere incident of the suit and filed independently of the complaint. In such case if the court is without jurisdiction to entertain the principal suit the defect of jurisdiction extends to all the incidents of the same. A litigant can easily avoid this obstacle by making the injunction the object of his suit. As the court below decided that it did not have jurisdiction and dissolved the injunction, and as I agree with the majority of the court in its consideration of the proof, I concur in the judgment.