## LOWANDE *v.* GARCÍA.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 156.—Resuelto en diciembre 5, 1907.

ALEGACIONES—SENTENCIA DICTADA POR SUS MÉRITOS—PRUEBAS—CONOCIMIENTO JUDICIAL.—La cuestión de si una corte puede ó no, tener conocimiento judicial de ciertos hechos, no puede surgir en los casos en que se dicte sentencia por los méritos de las alegaciones, pues tal conocimiento tiende al establecimiento de ciertos hechos sin necesidad de pruebas, y esto solo puede ocurrir en aquellos casos en que se practique prueba en el juicio.

ID.—Aunque las cortes pueden tener conocimiento judicial con respecto á materias de hecho y de derecho, sin embargo, para los efectos de una sentencia dictada por los méritos de las alegaciones, el tribunal no puede considerar como de conocimiento judicial, ningún hecho que no haya sido alegado en aquéllas.

JURISDICCIÓN—CORTES DE JURISDICCIÓN GENERAL Y LIMITADA.—Las cortes de distrito son cortes de jurisdicción general aunque en los pleitos sobre reclamación de dinero y propiedad, están limitadas á aquellos casos en que la cuantía excede de quinientos dollars, y las cortes municipales son cortes de jurisdicción limitada; en las primeras, la jurisdicción se presume, cuando no aparece de la demanda, pero en las segundas, es necesario que la demanda contenga alegaciones tendentes á establecer la jurisdicción de la corte.

ID.—EXCEPCIÓN PREVIA.—La cuestión de jurisdicción por razón de la materia, no puede plantearse por medio de excepción previa, cuando la demanda se presenta en la Corte de Distrito, y de ella no aparece si la corte tiene ó no jurisdicción; en estos casos debe formularse una alegación sobre falta de jurisdicción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Guzmán Benítez.*

Abogado del apelado: *Sr. Herminio Díaz.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En el presente caso, Tony Lowande entabló demanda contra Manuel A. García, y Otero y Ca., el día 22 de agosto de 1906, tratando de obligar á García al cumplimiento de un contrato, y á la entrega de una película representando el Casamiento del Rey de España, para exhibirla en su cinematógrafo, con preferencia á Otero y Ca. No se alega el valor de la propiedad ni cantidad alguna por los daños y perjuicios sufridos á consecuencia del incumplimiento del contrato. Los deman-

dados presentaron una excepción previa contra dicha demanda, alegando como motivos, 1°., que el tribunal carece de jurisdicción, y 2°., que la demanda no expresa hechos suficientes para determinar una causa de acción.

En virtud de las alegaciones de las partes, el tribunal de distrito, en 30 de marzo de 1907, dictó sentencia, declarando que el tribunal no tenía jurisdicción sobre la causa, y desestimando la demanda; pero se comprenderá mejor las cuestiones de que se trata, consignando aquí íntegramente las alegaciones de las partes, y la sentencia del tribunal. La demanda, omitiendo el encabezamiento de la misma, es como sigue:

"Tony Lowande, residente en esta ciudad, comparece por conducto de su abogado, José de Guzmán Benítez, y utilizando la acción personal, establece demanda contra Manuel A. García, residente accidentalmente en Cayey, del distrito judicial de Guayama, y contra los Sres. Otero y Ca., y en su representación, Don Manuel Otero, residente en San Juan, para que se les obligue á reparar y cumplir un contrato celebrado con el demandante, y al efecto, expone como causa de la acción que ejercita,

"Que el demandante es dueño de un cinematógrafo; que los Sres. Otero y Ca. son dueños de otro, trabajando ambas empresas en sus respectivos locales en esta ciudad, y Manuel A. García es dueño de otro cinematógrafo, que trabaja en los pueblos de la Isla, y actualmente en Cayey."

"Que Manuel A. García y el demandante tienen celebrado un convenio, del cual tienen conocimiento los Sres. Otero y Ca., por el cual dicho García y el demandante quedaron comprometidos y obligados á cederse recíprocamente, y con preferencia á todo otro empresario ó dueño de cinematógrafo, ciertas películas que recibiesen, para que pudieran exhibirlas, como estrenos, en las localidades en donde respectivamente trabajen.

"Que ese compromiso fué particular y especialmente establecido y ratificado entre dicho García y el demandante, respecto á la película "Casamiento del Rey de España," quedando obligados mutua y recíprocamente á que el primero que la recibiera, después de exhibirla, la remitiese inmediatamente al otro contratante.

"Que el demandante ha cumplido fielmente su compromiso, mandando á Manuel A. García, después de usarlas en San Juan, diversas

películas de su propiedad, las cuales ha exhibido García en su cine-
matógrafo en diferentes pueblos de la Isla, y aún ha abusado del uso
de las mismas, cediéndolas á terceras personas sin el consentimiento
del demandante.

"Que el demandado, García, no ha cumplido tampoco su com-
promiso, porque, si bien remitió algunas de sus películas al deman-
dante, ha faltado abiertamente á su compromiso, porque, habiendo
recibido la película titulada "Casamiento del Rey de España," y
habiéndola exhibido en distintas poblaciones de la Isla, no sólo no la ha
remitido al demandante, para que la exhiba en San Juan, sino que la
ha remitido á los Sres. Otero y Ca., para que la exhiban en su cinama-
tógrafo, causando grave perjuicio con ello al demandante.

"Que los Sres. Otero y Ca., no obstante, el conocimiento que tienen
del compromiso contraído por Manuel A. García, con el demandante,
han dispuesto y anunciado indebida é ilegalmente la exhibición de
dicha película "El Casamiento del Rey de España" en su cinemató-
grafo, para la noche del día de hoy.

"El demandante alega que de los antecedentes expuestos, le re-
sulta suficiente causa de acción y le asiste derecho para obtener una
sentencia, ordenando á Manuel A. García que entregue á vuestro peti-
cionario la ameritada película para exhibirla éste en su cinematógrafo;
con preferencia á los Sres. Otero y Ca., y á todo otro dueño de em-
presa análoga, y que ordene á los Sres. Otero y Ca. que se abstengan
de exhibir en su cinematógrafo la mencionada película, titulada
"Casamiento del Rey de España."

"Y vuestro peticionario,

"Suplica á la corte, se sirva dictar sentencia en este juicio, con-
denando á Manuel A. García, á entregar al demandante, para exhi-
birla en su cinematógrafo, con preferencia á los Sres. Otero y Ca.
y á todo otro empresario análogo, la película de su propiedad, titulada
"Casamiento del Rey de España," que indebida é ilegalmente ha
facilitado á los Sres. Otero y Ca., para exhibirla; y que se ordene
á dichos demandados, Otero y Ca., que se abstengan de exhibir dicha
película, sobre cuyo uso tiene derecho preferente á ellos, el deman-
dante; condenando á ambos demandados al pago de las costas."

Las excepciones previas contra dicha demanda, están redac-
tadas en los siguientes términos:

"I. Que de la demanda no aparece que esa corte tenga, como no
tiene, por la materia de la acción, jurisdicción en dicho caso, puesto
que no se expresa el valor de la película que se reclama.

"II. Que la demanda no aduce hechos suficientes para determinar una causa de acción; pues aceptando íntegros los que en ella se consignan, el demandante no puede reclamar lo que reclama."

La corte dictó sentencia, expresándose de la manera siguiente:

"En este caso, la parte demandada ha presentado excepciones contra la demanda, fundándose en que la corte no tiene jurisdicción por la materia de la acción en este pleito, toda vez que no se expresa el valor de la cosa reclamada, y además,.que no aduce la demanda hechos suficientes para determinar una causa de acción.

"Y la corte, habiendo estudiado dichas excepciones, es de opinión que los hechos y la ley están en favor de dichas excepciones, y por tanto, decide que carece de jurisdicción por la razón de la materia en el presente caso, para conocer de la reclamación establecida por Tony Lowande, contra Manuel A. García, y Otero y Ca., sobre entrega de una película en cumplimiento de un contrato, y desestima la acción, con las cosas al demandante. Y regístrese esta decisión en el libro de sentencias de esta corte. Pronunciada en corte abierta. el día 30 de marzo de 1907."

Contra dicha sentencia, se interpuso oportuna y debidamente recurso de apelación por Tony Lowande, y la corrección de la misma, se halla sometida á nuestra consideración. Con relación á este punto, conviene examinar el dictamen emitido por el juez de distrito, como fundamento de su sentencia. Dicho dictamen se halla concebido en los términos siguientes:

"*Decisión.*—En este caso, la parte demandada ha presentado excepciones contra la demanda, fundándose en que la corte no tiene jurisdicción por la materia de la acción en este pleito, toda vez que no se expresa el valor de la cosa reclamada, y además, que no aduce la demanda hechos suficientes para determinar una causa de acción.

"Alegada la falta de jurisdicción en esta corte, por la materia de la acción, es la excepción que primeramente debe resolver la corte, y sólo entrar á tratar de la segunda, en caso de que desestime esa primera excepción.

"Como se vé de la propia excepción, ésta se basa en que la demanda no expresa el valor de la cosa reclamada, demostrando, y así es en efecto, que la demanda no contiene alegación alguna afirmativa, que demuestre la falta de jurisdicción, sino que ésta quiere deducirse precisamente del hecho de no contener alegación sobre este particular.

"Esta corte, en la que el caso se halla pendiente, es de jurisdicción general y de récord y, por tanto, no hay necesidad en la demandas que en la misma se presentan, de establecer hechos que demuestren la jurisdicción de la corte, por la materia de la acción. La presunción es, á menos que otra cosa se demuestre, que el demandante ha acudido, con su demanda, á una corte que tiene jurisdicción por la materia; lo contrario de lo que ocurre en las cortes de jurisdicción limitada, como lo son las municipales en Puerto Rico, donde así es preciso establecer la cláusula jurisdiccional ó sea aquélla que demuestra la jurisdicción de la corte. (Véanse los casos de Doll v. *Feller* 16 Cal., 432; *Jolley* v. *Foltz,* 34 Cal., 321.)

"De manera que la corte por el mero hecho de no contener la demanda alegación alguna sobre el valor de la cosa reclamada, no puede sostener la excepción, toda vez que, como queda dicho, la presunción es á favor de esta Corte de jurisdicción general en favor de dicha jurisdicción, á menos que lo contrario aparezca afirmativamente en la faz de la demanda, ó del récord.

"Pero, esta corte está en el deber de tomar conocimiento judicial de sus propios fallos y decisiones; y con motivo de esta demanda, y entre las mismas partes, por consiguiente, se discutió la revocación de una orden de *injunction* obtenida por el demandante, y en las pruebas practicadas con motivo de tal revocación, se demostró que la cosa reclamada en la demanda que ahora se excepciona, y que sirvió de apoyo á la orden de *injunction* no valía sino noventa y ocho dollars, que es cantidad inferior á aquélla de que puede conocer esta corte, con arreglo á los estatutos vigentes; y precisamente la corte, en su opinnión y decisión, revocando el *injunction,* estimó como motivo de tal revocación el valor antes expresado. Así, pues, si la corte tiene conocimiento judicial de que lo reclamado en este pleito tiene un valor muy inferior á quinientos dollars, que es el límite hasta donde pueden conocer los jueces municipales, y desde el que empieza la jurisdicción de esta corte, puede desestimar la demanda por falta de jurisdicción; porque "cuando quiera que la corte carece de jurisdicción por la materia de la acción, puede de su propia moción, ó cuando se le llama la atención á ello, rehusar continuar conociendo del asunto, y desestimar la acción." (Brown on Jurisdiction, p. 49.)

"Por estas razones, la corte, tomando en cuenta el conocimiento judicial sobre este asunto, llega á la conclusión de que carece de jurisdicción sobre la materia, objeto de la acción, y por este motivo, además, no puede entrar á considerar la otra excepción de si la demanda aduce ó nó, hechos suficientes que determinen una causa de acción; y como consecuencia de todo lo antes expuesto, la corte, .

*Decide,*

"Que carece de jurisdicción por razón de la materia en el presente caso, para conocer de la reclamación establecida por Tony Lowande, contra Manuel A. García, y Otero y Ca., sobre entrega de película en cumplimiento de un contrato, y desestima dicha acción, con las costas al demandante."

En la consideración de este caso, no debemos perder de vista el hecho de que no se practicó prueba alguna en el acto del juicio, sino que el asunto fué resuelto simplemente, en virtud de las alegaciones, ó sea, en virtud de la demanda y de la excepción previa interpuesta contra la misma. Lo que el juez de distrito dice, con respecto á tomar en consideración judicialmente los procedimientos habidos en el caso de *injunction,* que surgió con motivo de la demanda entablada para obligar el cumplimiento del contrato, no es aplicable al caso de que se trata; puesto que el tribunal toma conocimiento judicial de asuntos como lo son los implicados en el presente caso, con el solo fin de establecer hechos; y por lo que á este caso se refiere, la cuestión de si el tribunal tenía ó no facultades para tomar en consideración judicialmente dichos procedimientos, sólo puede surgir después de haberse practicado la prueba en el acto del juicio.

Aunque los tribunales pueden tomar conocimiento judicial tanto de cuestiones de derecho como de cuestiones de hecho, el tribunal sentenciador, en el presente caso, se ha valido, en apoyo de su fallo, del conocimiento judicial de hechos solamente, y de hechos que no se han alegado en la demanda, lo que no puede hacerse en la consideración de excepciones previas.

Nuestra Ley de Evidencia, que se encuentra en el tomo de las Leyes de Puerto Rico, de 1905, página 70 hasta la 103,

enumera las reglas de evidencia en asuntos civiles, y sería beneficioso consultarlas en todos aquellos casos en que sea necesaria la presentación de pruebas. La sección 36 trata del conocimiento del tribunal, y no es necesario resolver ahora en el presente caso, si ha habido la intención de que los ocho casos, citados como ejemplos, en que el tribunal puede tomar conocimiento judicial de ciertos hechos, debían ó no excluir á todos los demás casos; porque de las alegaciones, según se han presentado en este caso, no surge ninguna cuestión referente al conocimiento judicial. En vez de fijar nuestra atención en la Ley de Evidencia, debemos fijarla en la que regula las alegaciones, y especialmente en la sección 105 del Código de Enjuiciamiento Civil, que trata de la excepción previa á la demanda. Para sostener una excepción previa, debe aparecer del contenido de la demanda, que el tribunal no tiene jurisdicción, ó que la demanda no expone hechos suficientes para determinar una causa de acción; ú otros extremos especificados en la sección 105.

Considerando el caso bajo este aspecto, no hay nada en él que sea contradictorio al dictamen emitido por el tribunal, en el caso de *injunction* surgido entre las mismas partes, cuyo dictamen fué emitido por el juez, Sr. Figueras, el día 3 de mayo último, ni nada que sea contrario á la opinión concurrente del juez, Sr. Wolf, en dicho caso, con la que estoy también de acuerdo. La sentencia dictada por el tribunal, en el referido caso de *injunction* fué "confirmada solamente por las razones que resultan de la prueba," según dijo el juez, Sr. Figueras, en el último párrafo de su opinión. En el caso de que se trata, los autos no contienen prueba alguna, pues la cuestión sometida á nuestra resolución, surge enteramente de las alegaciones, y solamente éstas pueden tomarse en consideración.

En la consideración de la excepción previa, no le es permitido al tribunal fijarse en otra cosa sino en el contenido de la demanda. Surge, pues, la cuestión siguiente: ¿es esta demanda, que hemos citado anteriormente, suficiente, por vir

tud de su contenido, para demostrar que el tribunal tenía
jurisdicción, á falta de hechos que no aparezcan de las alega-
ciones? Para resolver esta cuestión no estamos autorizados
para considerar hechos que aparezcan de declaraciones jura-
das ú otras partes de los autos, que no forman parte de las
alegaciones de los litigantes, sino que debemos limitarnos á
considerar tan solo la demanda y la excepción previa.

Puesto que la excepción previa presenta la cuestión de la
competencia del tribunal sentenciador, examinaremos breve-
mente la ley referente á la jurisdicción de tal tribunal.

En algunas discusiones referentes á la cuestión de juris-
dicción, parece surgir confusión en cuanto á lo que son cortes
de jurisdicción especial y de jurisdicción limitada. Los térm-
inos correlativos, según se aplican á jurisdicción, son, ó
deben ser, "general" y "especial," "limitada" é "ilimitada,"
y otros análogos. Por ejemplo, una corte que entiende en
asuntos de testamentarías (*probate court*) es una corte de
jurisdicción especial, estando limitada á determinar ó resolver
las cuestiones de los bienes de difuntos y menores, y otras de
igual naturaleza, aunque la cantidad comprendida en las mis-
mas, pueda ser ilimitada. Las cortes de distrito ú otras cortes
de primera instancia, pueden ser y por lo general son, cortes
de jurisdicción general, aunque se haya fijado una cantidad
mínima para las causas de que puedan conocer, con el fin de
que los casos que envuelvan cuantías inferiores á la fijada,
caigan dentro de la competencia de algún tribunal inferior.

En el diccionario legal de Bouvier, esa excelente enciclo-
pedia de ciencia jurídica, publicada por el Sr. Francis Rowle,
se explican y se discuten las diferentes clases de jurisdicción
con esa brevedad que al mismo tiempo permite abarcar toda
la materia.

El ilustrado escritor dice:

"*Jurisdicción.*—(Lat. jus, ley, dicere, decir).

"La autoridad, en virtud de la cual los funcionarios judiciales
conocen de las causas, y las resuelven. 60 Vt. 618. El poder ó la fa-

cultad de oir y resolver una causa. 3 Ohio 494; 6 Pet. 709; 2 How 338. El derecho de un juez, de pronunciar sentencia, con arreglo á la ley, en una causa, ó con respecto á una cuestión presentada ante él, cuyo poder ó facultad ha adquirido mediante un debido procedimiento legal. Dicho poder comprende la facultad de compeler la ejecución de lo que se ha decretado. (9 Johns, 239; 3 Metc. Mass., 460. Thach, 202.)

"El derecho de juzgar con respecto á la materia controvertida en determinado caso. Para que exista este derecho, tres requisitos son indispensables. Primero, el tribunal debe conocer de la clase de causas á que pertenece la que ha de resolver; segundo, deben estar presentes las verdaderas partes; y, tercero, el punto resuelto debe estar, en substancia y efecto, comprendido en la cuestión litigiosa de que se trata. (1 Black, Judg. sect. 242; 55 Ark., 200.)

"Jurisdicción general es aquella que comprende una gran variedad de asuntos. Jurisdicción general es, en ley y en equidad, la que comprende todas las clases de jurisdicción que un tribunal pueda tener sobre la persona, la materia convertida, el territorio, y, en general, el poder que el tribunal tiene en el desempeño de sus deberes oficiales. (63 Hun., 367.)

"Jurisdicción limitada, (llamada también jurisdicción especial y jurisdicción inferior) es aquella que comprende solamente ciertas causas especificadas."

2 Bouviers Law Dictionary, p. 57.

Con estas definiciones, podemos averiguar más fácilmente la naturaleza de la jurisdicción que la ley confiere á nuestras cortes de distrito. Fijemos nuestra atención en las cortes de igual clase, tal como existen en el Estado de California, y examinemos su jurisdicción.

El ilustrado comentarista en Estee's Pleadings, volume 1, sections 39 and 40, pages 22 *et seq.* (Estee Sobre Alegaciones, vol. 1, secciones 39 y 40, pp. 22 y siguientes), al discutir la jurisdicción de los tribunales del Estado de California, dice que la corte de jurisdicción general en ese Estado, es la corte superior, cuya corte es análoga á nuestros tribunales de distrito. La cuantía menor fijada como límite, para que dicho tribunal pueda conocer de una causa, es de trescientos dollars; pero este hecho no lo constituye en tribunal de jurisdicción

especial ó limitada. Ni tampoco tiene ese efecto el hecho de que ciertos casos de *misdemeanors* deben ser juzgados por otros tribunales.

Parece evidente que, de igual manera, nuestras cortes de distrito, por ser las cortes principales de jurisdicción original en esta Isla, deben ser también clasificadas como cortes de jurisdicción general, ejerciendo todas las funciones de los tribunales de esa clase.

El tribunal de distrito en Puerto Rico, al igual de la Corte Superior de California, es una corte de jurisdicción general, aunque en cuanto á las demandas entabladas para el cobro de dinero, y la recuperación de bienes, se halle limitada á la consideración de los casos cuya cuantía exceda de la cantidad de quinientos dollars. No hay nada en la demanda transcrita anteriormente, que demuestre que el tribunal de distrito no tiene jurisdicción. Según ha dicho muy bien el juez de distrito, en su dictamen, que hemos transcrito en la presente, la presunción es, á menos que otra cosa se demuestre, que el demandante ha acudido con su demanda á una corte que tiene jurisdicción sobre la materia. Lo contrario ocurre en las cortes de jurisdicción especial ó limitada, como lo son las cortes municipales en Puerto Rico, donde es preciso establecer la jurisdicción mediante alegaciones consignadas en la demanda, y demostrar por medio de las mismas, que el tribunal tiene jurisdicción. Esta es también la regla en California, según queda demostrado en los casos de *Doll* v. *Feller,* 16 Cal., 432, y *Jolley* v. *Foltz,* 34 Cal., 32. En el primero de estos casos, el Juez Presidente, Field, expone la ley muy claramente en la forma siguiente:

"Una excepción previa contra la jurisdicción del tribunal, procede solamente cuando la falta de dicha jurisdicción aparece afirmativamente de la faz de la demanda. En una corte de jurisdicción limitada y especial, la regla es distinta; allí es, preciso alegar todo hecho que sea esencial para conferir la jurisdicción. En las cortes de jurisdicción general, es necesario solamente exponer la causa de acción; y para sacar partido de la falta de jurisdicción que resulte de la insuficiencia

de la cuantía, del asunto controvertido, hay que valerse de algún otro medio.''

Si el demandado desea plantear la cuestión de jurisdicción con motivo de la cuantía en litigio, debe hacerlo por medio de una alegación hecha al efecto, y no mediante una excepción previa. La excepción previa basada en la falta de jurisdicción, debió haberse desestimado.

El segundo párrafo de la excepción previa no fué considerado por el tribunal inferior. Dicho párrafo constituye lo que en la práctica Americana se llama una excepción previa general, estando basada en la alegación de que la demanda no expone hechos suficientes para determinar una causa de acción. Al considerar excepciones previas de esta naturaleza, los tribunales Americanos, por lo general, no están dispuestos á examinar la cuestión muy á fondo, sino á considerar solamente las alegaciones generales de la demanda, dejando que el demandado señale, mediante excepciones previas, especiales, cualquier defecto oculto que se encuentre en la demanda. En el año 1858, el Juez Presidente, Field, hablando á nombre del Tribunal Supremo de California, dijo:

''Los efectos de una excepción previa general, no pueden alcanzar á la falta de alegaciones que establezcan daños y perjuicios especiales, si tal falta hubiera ocurrido. No es éste uno de aquellos casos en que el derecho de acción mismo depende de los daños y perjuicios especiales sufridos. Una acción procede por el incumplimiento de un contrato, aún cuando no se haya sufrido realmente ningún perjuicio.''
*McCarty* v. *Beach,* 10 Cal., 464.

Esta opinión fué aprobada y citada treinta y siete años más tarde, ó sea, en el año 1895, por el Tribunal Supremo de Montana, hablando por conducto del Juez Presidente, Pemberton, que dijo:

''En la demanda se consigna un contrato, y se alega el incumplimiento del mismo por parte del demandado. Á este respecto, creemos que en la demanda se expone una causa de acción, á lo menos, para ob-

tener una indemnización nominal de daños y perjuicios. Si este es el caso, entonces la demanda era válida á los efectos de la excepción previa general interpuesta contra la misma.''

''Los Jueces Hunt y Dewitt estuvieron de acuerdo con esta opinión.''

*Jacob Sultan Co. v. Union Mercantile Co.,* 17 Mont., 64.

Aunque la demanda, en el presente caso, en manera alguna puede ser considerada como un modelo que debe seguirse por aquellos que deseen sobresalir en materia de alegaciones, sin embargo, no es lo suficientemente defectuosa para que pueda estar sujeta á las excepciones previas presentadas contra la misma ante la corte inferior. La brevedad en las alegaciones es recomendable, pero no debe ser obtenida á expensas de la claridad.

De todo lo que aparece de un examen cuidadoso de esta demanda, no procede una excepción previa general contra la misma; y si el tribunal de distrito hubiera considerado una excepción previa como lo es la segunda presentada en este caso, entonces debió haberla desestimado.

Por las razones alegadas en la presente, debe revocarse la sentencia dictada por el tribunal de distrito, y devolverse la causa á dicho tribunal, para ulteriores procedimientos con arreglo á la ley, según se ha indicado en esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández y Wolf.

El Juez Asociado Sr. Figueras, no intervino en la resolución de este caso.