MANUEL y FELIPE GONZÁLEZ, peticionarios, *v.* CORTE DE DISTRITO DE ARECIBO, HON. L. SAMALEA IGLESIAS, JUEZ, demandada.

No. 669.—*Sometido:* Nov. 4, 1929. *Resuelto:* Nov. 14, 1929.

*E. Martínez Avilés,* abogado del peticionario; *A. Reyes Delgado,* abogado del interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la Corte Municipal de Camuy se siguió un pleito en reivindicación de dos cuerdas de terreno valoradas en doscientos dólares dictándose sentencia favorable al demandante.

Los demandados apelaron para ante la Corte de Distrito de Arecibo y elevados los autos la parte apelada pidió por moción de julio 23, 1928 la desestimación del recurso, basándose en que la parte apelante no solicitó la inclusión del caso en el calendario de asuntos civiles cuya lectura tuvo lugar algún tiempo después de elevados los autos ni había consignado los sellos de rentas internas que exige la ley.

La moción se notificó a la parte apelante y señalada su vista fué suspendida a petición suya. Volvió a señalarse la vista de la moción para el 20 de mayo de 1929 y el 12 de junio

siguiente la corte la resolvió decretando el archivo y sobreseimiento del caso.

El 17 de junio de 1929 la parte apelante pidió la reconsideración de la orden de sobreseimiento y archivo porque tal orden había sido una sorpresa para dicha parte, que no fué notificada del señalamiento y que tenía convenido con la parte apelada que retiraría su moción. Alegó además la parte apelante que la corte de distrito no tenía jurisdicción en apelación para intervenir en el caso, ya que, por razón de la materia, no la tuvo para decidirlo la corte municipal.

La corte negó la reconsideración y entonces los apelantes presentaron a esta Corte Suprema una solicitud de *certiorari* pidiéndole que revisara y anulara lo actuado por la corte de distrito. En esos días estaba pendiente de estudio la cuestión fundamental de si las cortes municipales tenían o no jurisdicción en pleitos sobre reivindicación de bienes inmuebles cuando la cuantía de éstos no excediera de quinientos dólares y el auto fué expedido, señalándose la vista para el 4 de noviembre actual. A la vista no concurrieron los peticionarios. Sólo la parte apelada asistió.

Puede verse que la cuestión de procedimiento levantada no interesaba mucho a los peticionarios que parece que descansaban únicamente en la cuestión de jurisdicción para obtener un pronunciamiento de la corte de distrito declarando que la corte municipal no pudo intervenir ni dictar por lo tanto sentencia en un pleito sobre reivindicación cuyo conocimiento correspondía a la corte de distrito irrespectivamente de la cuantía envuelta en el mismo.

Esa cuestión fué ampliamente discutida y resuelta en contra de la contención de los peticionarios en el caso de *certiorari* instado por *Ramón Pujals Carlo contra la Corte de Distrito de San Juan,* decidido el 26 de julio de 1929. Nada se ha alegado en este caso que nos lleve a variar de criterio.

La cuestión de procedimiento es sencilla y fué resuelta de acuerdo con la ley por la corte de distrito.

El apartado (*b*) de la sección 3ª de la ley que regula las

apelaciones de las sentencias dictadas por las cortes municipales para ante las cortes de distrito, tal como quedó enmendado por la ley No. 93 de 1917, promulgada a virtud de sentencia de esta Corte Suprema en 11 de marzo de 1919, es terminante. Dice:

"(b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada."

No se necesitaba notificación alguna. (*Marrero* v. *Muller*, 35 D.P.R. 369, y *Morales* v. *Corte de Distrito*, 35 D.P.R. 909.) El pleito había sido radicado desde hacía más de un año. Lectura tras lectura de calendarios se habían sucedido sin que los apelantes hubieran cumplido con el deber que la ley les impone. La corte no estaba obligada a tener en cuenta un convenio privado entre los abogados que le era desconocido. La buena práctica exige que los convenios entre abogados se consignen por escrito y se sometan a la aprobación de la corte. Expresamente dispone la 27 de las Reglas para las Cortes de Distrito, que: "Ningún convenio entre los abogados o las partes tocante a algún asunto pendiente, tendrá fuerza, a menos que sea hecho por escrito, firmado y entregado con los demás documentos para que forme parte del récord; o a menos que sea hecho en corte abierta con el mismo fin".

*Debe anularse el auto expedido y devolverse el caso a la Corte de Distrito de su origen a los fines procedentes.*

El Juez Asociado Señor Hutchison no intervino.