Anastasio y Cristina Escalera Falú, y Petrona Escalera Febre, demandantes y apelados, *v.* Modesto y Monserrate Escalera Falú, y Fermín, Amalia, Micaela, Zoila, Jacinto, Félix, Isabel y Agustín Calderón y Escalera; y Amparo Calderón, demandados y apelante el sexto (Zoila).

Núm. 7869.—*Sometido:* Diciembre 14, 1939. *Resuelto:* Enero 31, 1940.

*Angel A. Vázquez,* abogado de la apelante; *E. H. F. Dottin,* abogado de los apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Anastasio Escalera Falú y otros demandaron a Modesto Escalera Falú y otros en la Corte de Distrito de San Juan, pidiéndole que ordenara la venta en pública subasta de cierta finca urbana perteneciente en común y pro indiviso a demandantes y demandados.

Contestó y contrademandó una de las demandadas, Zoila Calderón. Fué el pleito a juicio y la corte lo falló decretando la división de la comunidad y la venta en pública subasta de la finca.

No conforme la demandada Calderón, apeló. Señala en su alegato ocho errores, levantando en el primero una cuestión de jurisdicción, así:

"1. La corte erró al declararse con jurisdicción original en este asunto y al resolver que la alegación por los demandantes del valor de la casa objeto de la división en cantidad menor de $500.00 no privaba al tribunal de autoridad o competencia para conocer del pleito, porque tal alegación no era necesaria."

En su relación del caso y opinión dijo la corte sentenciadora a este respecto:

"En la demanda se alega que la casa en litigio tiene un valor razonable de $300, y en la contestación enmendada se acepta este hecho como cierto, sin que hubiera evidencia en contrario. Y en su alegato manifiesta ahora la demandada compareciente que la corte carece de jurisdicción para conocer del asunto por razón de la materia o cuantía de la acción, en virtud de que el valor de la casa no excede de $500. Esta corte es una de jurisdicción general, versando el pleito sobre la disolución de la comunidad de bienes, y la alegación del valor de la casa en cantidad menor de $500 no priva al tribunal de autoridad o competencia para conocer del pleito, porque tal alegación no era necesaria. *Oronoz* v. *Román,* 26 D.P.R. 25; *Lowande* v. *García,* 13 D.P.R. 271."

El caso de *Oronoz* v. *Román,* 26 D.P.R. 25 versó como éste sobre división de comunidad. En la demanda no se fijó el valor de los bienes y el demandado alegó que de ella no surgía que la corte tuviera jurisdicción por razón de la materia. La corte de distrito declaró sin lugar la excepción. Fallado el pleito en favor del demandante, apeló el demandado. Por uno de los errores que señalara levantó la cuestión de jurisdicción indicada y esta corte dijo que la sentenciadora estuvo acertada "porque siendo la de distrito de Aguadilla una corte de jurisdicción general, no era necesario que se alegara en la demanda el valor de la cosa sobre que versa el pleito para que quedara establecida su autoridad para conocer del mismo. Véase el caso de *Lowande* v. *García,* 13 D.P.R. 271, en donde se trata ampliamente esta cuestión."

Quizás sea conveniente agregar que luego el propio demandante enmendó su demanda con permiso de la corte agregando que el valor de los bienes era el de tres mil dólares.

Y lo resuelto en el caso de *Lowande* v. *García,* 13 D.P.R. 271, fué, copiando del resumen, lo que sigue:

"Las cortes de distrito son cortes de jurisdicción general aunque en los pleitos sobre reclamación de dinero y propiedad, están limitadas a aquellos casos en que la cuantía excede de quinientos *dollars,*

y las cortes municipales son cortes de jurisdicción limitada; en las primeras, la jurisdicción se presume, cuando no aparece de la demanda, pero en las segundas, es necesario que la demanda contenga alegaciones tendentes a establecer la jurisdicción de la corte.''

Si en este caso concreto que estamos considerando nada se hubiera alegado en la demanda sobre el valor de los bienes, aplicando la regla de los casos de Lowande y Oronoz, supra, se presumiría la jurisdicción de la corte de distrito, pero habiéndose alegado que el valor de los bienes cuya venta se solicita asciende a trescientos dólares, la falta de jurisdicción por razón de la cuantía, es evidente.

Esta cuestión de jurisdicción fué tratada con alguna extensión en el caso de *Pujals Carlo* v. *Corte*, 40 D.P.R. 92, en el que, después de referirse a varias de sus decisiones anteriores, la corte dijo:

"Existen otras decisiones en igual sentido y bien puede decirse que por un período de más de veinte años, la corte de modo invariable vino interpretando y aplicando la sección 4 de la Ley reorganizadora del sistema judicial de Puerto Rico en el sentido de dar énfasis a las palabras 'todos los asuntos civiles,' (*all civil matters*) para interpretar ampliamente las que le siguen 'hasta la suma de 500 *dollars*,' (*to the amount of five hundred dollars*) y así reconocer jurisdicción a las cortes municipales en todos los asuntos civiles en que la cuantía de la reclamación llegara hasta quinientos dólares o el interés envuelto fuera valuable o tasable y no excediera de dicha suma, con las excepciones indicadas. *García* v. *Registrador* supra, y *Valdivieso* v. *Rivera*, supra. Sólo hace un año, en el caso de Colón Caballero, supra, se puso el énfasis en las palabras 'intereses inclusive' y se restringió el alcance de las que le precedían, limitando así la jurisdicción de las cortes municipales a reclamaciones de dinero únicamente.

"Sometida ahora la cuestión de nuevo a nuestro examen, con el pensamiento fijo en ella, creemos que debe prevalecer la anterior jurisprudencia convertida en práctica constante por un largo período de tiempo y al amparo de la cual se han dictado seguramente cientos de sentencias resolviendo asuntos referentes a propiedad inmueble.''

Poco después en *González* v. *Corte*, 40 D.P.R. 158, ratificando la jurisprudencia, se resolvió que: ''Las cortes muni-

cipales tienen jurisdicción en pleitos sobre reivindicación de bienes inmuebles cuando la cuantía de éstos no excediere de quinientos dólares.''

Y más tarde en *Porrata* v. *Caribbean Casualty Co.*, 42 D.P.R. 856, 857, en *Pérez* v. *Corte,* 47 D.P.R. 580, 585, y en *Escobar Rosario* v. *Registrador,* 55 D.P.R. 193, 196, se citó el caso con aprobación.

La acción para dividir la cosa poseída en común en un caso como éste en el que no existen menores, no está comprendida en ninguna de las excepciones reconocidas por la jurisprudencia a la regla general.

En tal virtud no habiéndosenos citado precepto de ley alguno o jurisprudencia en el sentido de que la jurisdicción de las cortes de distrito para conocer de casos de tal naturaleza sea exclusiva, debe aplicárseles la regla general y aplicada precisa resolver que erró la corte de distrito al declararse con jurisdicción original para·conocer del pleito y resolverlo ya·que el valor de la casa cuya división se solicitaba, era inferior a quinientos dólares. Y careciendo de jurisdicción, todo cuanto en los méritos resolviera dicha corte cae por su base, sin que deba entrarse a considerar si estuvo o no acertada en su resolución.

*Procede, pues, declarar el recurso con lugar, revocar la sentencia apelada y dictar otra declarando que la corte no tiene jurisdicción para conocer en primera instancia ·del pleito, con las costas pero sin comprender en ellas los honorarios de abogado.*